PETER PETERSON and Another v. HENNING LANDAHL.[1]

April 18, 1902.

Nos. 12,914—(58).

### Rescission of Contract—Complaint—Demurrer.

In an action brought by the vendees to rescind a written contract for the sale of land upon the ground of fraud and misrepresentation as to boundary lines, it is *held* that the complaint stated facts sufficient to constitute a cause of action.

Appeal by defendant from an order of the district court for Morrison county, Searle, J., overruling a demurrer to the complaint. Affirmed.

*Lindbergh & Blanchard,* for appellant.

*Bergheim & Cameron,* for respondents.

COLLINS, J.

This action was brought by the vendees to rescind a written contract for the sale of land upon the ground of fraud and misrepresentation as to boundary lines, and to recover $200, which had been paid by them on account of the purchase price. The defendant vendor interposed a general demurrer to the complaint, and from an order overruling the same he appealed.

The contract—made a part of the complaint—contained this clause:

"It is hereby declared and agreed by the parties of the second part that they have entered into the above written contract relying entirely upon their own knowledge of the said lands, and not upon any representation made by the party of the first part, or by any other person, touching the situation, character, or quality thereof."

To escape the binding effect of this provision, plaintiffs alleged certain matters in avoidance, and the real question here is whether it sufficiently appeared that they did not know that said clause was in the contract when they signed it, and that this want of knowledge was not caused by their own negligence or fault, but,

[1] Reported in 89 N. W. 1131.

on the other hand, was caused by the fraud and misrepresentation of defendant. We think it is sufficiently alleged in paragraph five that they did not know that this clause was a part of the contract, and that this want of knowledge was not the result of their own neglect, but in fact was brought about by the alleged false representations of the defendant that the contract accurately and truthfully described the land for which they had bargained. It is impossible that plaintiffs could believe the statements of the defendant to be true, and could rely upon them, as it is alleged they did, with a knowledge that the contract contained the clause in question, or without having been misled and imposed upon by defendant's statements as to its contents. While the complaint is not a model, and could have easily been made more definite and certain, we are of the opinion that it stated a cause of action, and that the allegations found in said paragraph meet the contention of counsel, before referred to, in respect to its insufficiency.

Order affirmed.