## Castle Petroleum Company, et al. v. Becker Company, et al.

(Decided January 19, 1926.)

### Appeal from Johnson Circuit Court.

1. Bills and Notes—Question for Jury, if Any Evidence that Parties Signing Note were to be Liable Only if Signature of Another was Procured.—If there is any evidence that parties signing note were to be liable only in event signature of another was obtained, question is for jury.
2. Bills and Notes—Signers of Note Released from Liability, if Plaintiff violated Agreement to Secure Signature of Another.—Persons signing note in consideration that indorsement of another would be procured thereon, held released from liability, if plaintiff failed to procure such signature.
3. Bills and Notes—Whether Persons Signing Note were to be Liable only if Signature of Another was Procured Held for Jury.—Whether persons signing note were to be liable only in event that signature of another was procured held for jury.

HOWES & HOWES for appellants.

KIRK, KIRK & WELLS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

The Becker Company brought this action against the Castle Petroleum Company, C. H. Castle, Fred Howes and Claud Buckingham, upon two notes, one for $248.00, due in thirty days, and the other for $248.85, due in sixty days, both dated January 6, 1923. The defendants, Castle, Howes and Buckingham, filed a joint answer in which they alleged that the Castle Petroleum Com-

pany was the principal in the notes and they were only sureties; that it was agreed between plaintiff and them that the notes sued on were to be signed by them and one John F. Howes, and that the plaintiff in violation of its agreement failed to procure the signature of John F. Howes, and that the agreement that he should endorse the notes was the consideration upon which they signed it. The court sustained a demurrer to this paragraph of the answer. They then filed an amended answer in which they allege that the plaintiffs' agent, Singer, when they signed the notes, agreed with them that he would procure the signature of John F Howes as the surety thereon; that the notes were not to be accepted by or delivered to the plaintiff until said John F. Howes signed them; that in violation of said agreement the agent delivered the notes to the plaintiff and plaintiff accepted the notes without the signature of John F. Howes, with knowledge and notice of the agreement with Singer and with knowledge that the note was not to be delivered or accepted until signed by John F. Howes. The plaintiff filed a reply denying the allegations of the answer; the proof was heard and at the conclusion of the evidence the court peremptorily instructed the jury to find for the plaintiff against the sureties in the notes. They appeal.

The rule is that if there is any evidence the question is for the jury. There was sufficient evidence of the defense to warrant its submission to the jury, if the defense was sufficient in law. The ruling of the court seems to have rested upon the case of Hubble v. Murphy, 2 Duval 247, where the case was this: M. agreed that if H. would sign a note as surety for L., payable to M., he would procure the signature of G. as a co-surety. M. failed to secure the signature of G., and it was held that he could recover on the note on the ground that an escrow could not be made in this way. In J. I. Case Co. v. Barnes, 133 Ky. 220, it was held that the rule announced in Hubble v. Murphy did not apply where the paper was delivered to an agent of the obligee under a like agreement on the part of the agent. In Pickrell v. Wilson, 199 Ky. 20, where the agreement was with the obligee, to whom the paper was delivered by the obligor, the reasoning in the latter case, insofar as it held the obligor not bound, was approved, but insofar as that case distinguished an agreement with the plaintiff from an agreement with the agent of the plaintiff, the opinion was disapproved. In that

case, which is the last utterance of the court on the subject, the following rule was adopted and approved:

"The exclusion of parol evidence of such an agreement could be justified only upon the ground that the mere possession of a written instrument, in form a promissory note, by the person named in it as payee, is conclusive of his right to hold it as the absolute obligation of the maker. While such possession is undoubtedly *prima facie,* indeed should be deemed strong evidence that the instrument came to the hands of the payee as an obligation of the maker, enforceable according to its legal import; it is open to the latter to prove the circumstances under which possession was acquired, and to show that there never was any complete final delivery of the writing as the promissory note of the maker payable at all events and according to the terms. The rule that excludes parol evidence in contradiction of a written agreement presupposes the existence in fact of such agreement at the time suit is brought. But this rule has no application if the writing is not delivered as a present contract."

Hubble v. Murphy was thus in effect overruled.

Under this rule the peremptory instruction should not have been given for the plaintiff and the case should have been submitted to the jury on the defense made by the sureties. The motion for an appeal is sustained and the judgment is reversed and cause remanded for a new trial.