## GANLEY BROTHERS, INC. v. BUTLER BROTHERS BUILDING COMPANY.[1]

### March 4, 1927.

### No. 25,761.

**Provision in contract meaningless in presence of actual fraud.**

1.  A provision in a written contract reciting that a party thereto has not relied upon any statement of the other party in respect to the subject matter will not prevent him from later prosecuting a claim for damages arising out of alleged fraudulent representations which induced the making of the contract.

**And oral proof of such fraud does not violate parol evidence rule.**

2.  Oral proof of such fraud does not violate the parol evidence rule.

**Such provision unenforceable if there is actual fraud.**

3.  Such a restriction is unenforceable, where there is actual fraud, because of public policy.

Contracts, 13 C. J. p. 429 n. 53.
Evidence, 22 C. J. p. 1215 n. 65; p. 1218 n. 80; p. 1220 n. 96.

***

See note in 10 A. L. R. 1472; 12 R. C. L. 231; 4 R. C. L. Supp. 751; 5 R. C. L. Supp. 637; 6 R. C. L. Supp. 701.

[1]Reported in 212 N. W. 602.

Plaintiff appealed from an order of the district court for Ramsey county, Bechhoefer, J., denying its motion for a new trial. Reversed.

*Cowern & Jesmer* and *Morphy, Bradford, Cummins, Jackson, Cummins & Lipschultz,* for appellant.

*Doherty, Rumble, Bunn & Butler,* for respondent.

WILSON, C. J.

Defendant had three separate contracts for the construction of several sections of hard surface highway in St. Louis county. It sublet all the work, in one contract, to plaintiff. The complaint states three causes of action. The first alleges that the contract involved was induced by false and fraudulent representation, the details of which are therein fully stated and which contains the necessary averment of reliance and untruthfulness. The contract, which is attached to defendant's answer in support of the counterclaim therein alleged, contains this language:

"The contractor has examined the said contracts of December 7, 1922, and the specifications and plans forming a part thereof, and is familiar with the location of said work and the conditions under which the same must be performed, and knows all the requirements, and is not relying upon any statement made by the company in respect thereto. The contractor further represents that it is familiar with the kind and character of the work to be done, as called for by said plans, specifications and contract, and that it is experienced in road building."

On the trial of the case defendant moved for judgment on the pleadings as to the first cause of action. This motion was based upon the theory that the action could not be prosecuted because of the provision of the contract above quoted, negativing fraud. The court allowed an amendment to the complaint alleging an oral agreement of the parties limiting the operation of the language quoted and attempting to give to it a practical construction. After the amendment the motion was again made and was granted. Thereupon the plaintiff dismissed the second and third causes of action

without prejudice. The issue in the counterclaim was submitted to the court. Findings were made directing judgment thereon in favor of defendant for $68,309.92.

Plaintiff has appealed from an order denying its motion for a new trial. Its grievance relates solely to the disposition of the first cause of action.

Parol evidence is admissible to show that the making of the contract was procured by fraudulent representations. This does not vary the terms of the contract. It is merely to show the presence of fraud which permits an avoidance of the contract. Established fraud impeaches its validity. A contract resting on fraud, when under attack, cannot stand. The fact that the contract has been reduced to writing does not change the rule. The written agreement may express what was intended but the wronged party so intended because of the fraud and not otherwise. The contract as written was induced by the fraud. The evidence in proof of the fraud establishes the inducing or influencing cause and in no way varies or contradicts the terms of the contract. This rule cannot be curtailed or destroyed by writing in the contract: "This contract was not procured by fraud." If so, a party could take advantage of his own fraud if he could succeed, by fraud if necessary, in getting into the instrument a clause negativing fraud. The evidence relates to an inducing cause, which is entirely distinct from the terms of the contract which are in no sense varied or modified. General Elec. Co. v. O'Connell, 118 Minn. 53, 136 N. W. 404; Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792; Hansen v. Daniel Hayes Co. 152 Minn. 222, 188 N. W. 317; Nelson v. Berkner, 139 Minn. 301, 166 N. W. 347; Roseberry v. Hart-Parr Co. 145 Minn. 142, 176 N. W. 175; Remington v. Savage, 148 Minn. 405, 182 N. W. 524; 22 C. J. 1215; Jordan v. Nelson (Iowa), 178 N. W. 544, 10 A. L. R. 1464; Rectenbaugh v. N. W. Port Huron Co. 22 S. D. 410, 118 N. W. 697; Jones v. Brandt, 173 Wis. 539, 181 N. W. 813. Fraud is not merged in a written contract. State v. Lovan, 245 Mo. 516, 539, 51 S. W. 141. Our decisions, which are cited, have silently but effectually erased the holding of Peterson v. Landahl, 86 Minn. 32, 89 N. W. 1131, which can no longer be con-

sidered the law of this state. See 10 A. L. R. 1472, note. The doctrine of estoppel which sometimes becomes operative by virtue of a clause negativing fraud as in Guaranty Sec. Co. v. Exchange State Bank, 148 Minn. 60, 180 N. W. 919, is not applicable.

Aside from the presence of the inconsistent clause in the contract it is clear that a cause of action is stated. Hence, we need not invoke the rule that upon a motion for judgment on the pleadings every reasonable intendment will be indulged in favor of the sufficiency of the pleading. Dun. Dig. § 7694.

Counsel argues with persuasion that a party should have the legal right to let his work to a certain person because the other will therein agree that he relies and acts only upon his own knowledge and not upon the representations of his adversary. On first thought this suggestion seems plausible. It would seem that a man should have this right. It is not in itself unreasonable. But is it sound? It is superfluous where there is no fraud. It may be desirable in dealing with unscrupulous persons to have this clause as a shield against wrongful charges of fraud. But, if there is no fraud, that fact will be established on the trial. The merits of defendant's claim reach only the expense and annoyance of litigation. But every party should have his day in court. The making of the contract is not compulsory. We are unable to formulate a rule of law sustaining defendant's contention which would not at the same time give opportunities for the commission of fraud for which the wronged party would have no redress. Nor will our decisions permit us to now adopt such rule.

The authorities will not permit a distinction so as to allow the contract to be valid and binding to the extent that the defrauded party has agreed and unalterably committed himself to the fact that he has not relied upon any statements or representations of his adversary, but upon his own knowledge and information. Moreover this limitation would effectually destroy the general rule because in the absence of reliance there is seldom actionable fraud. Such theory would permit a party to do indirectly what he could not do directly. The contract as written may be an important factor to be considered in the determination of the facts.

The law should not and does not permit a covenant of immunity to be drawn that will protect a person against his own fraud. Such is not enforceable because of public policy. Industrial & General Trust, Ltd. v. Tod, 180 N. Y. 215, 73 N. E. 7. Language is not strong enough to write such a contract. Fraud destroys all consent. It is the purpose of the law to shield only those whose armor embraces good faith. Theoretically, if there is no fraud the rule we announce is harmless. If there is fraud the rule we announce is wholesome. Whether the rule is effective depends upon the facts. Public interest supports our conclusion. 2 Williston, Contr. § 811, says:

"It seems clear that no agreement of the parties can preclude this defense, for fraud in the inception of the agreement renders voidable the very agreement not to set up fraud, and, aside from this technical but sound argument, such an agreement would obviously be against public policy."

Mr. Williston quotes from Pearson v. Dublin (1907) Appeal Cases, 351, where it is said:

"It seems clear that no one can escape liability for his own fraudulent statements by inserting in a contract that the other party shall not rely upon them."

The Swiss Federal Code of Obligations, art. 100, provides that such a provision is void.

Reversed.