## NATIONAL EQUIPMENT CORPORATION v. H. J. VOLDEN AND OTHERS.[1]

No. 29,779.

January 26, 1934.

[1]Reported in 252 N. W. 444, 835.

*John C. Haave* and *Fosnes & Rolloff,* for appellant.
*Daly & Barnard* and *B. J. Oyen,* for respondents.

*LORING, Justice.*

Appeal from an order of the district court of Chippewa county denying plaintiff's motion for judgment notwithstanding the verdict or a new trial.

May 14, 1931, defendants bought from the plaintiff company one Koehring dumptor. As and for the purchase price defendants gave eight promissory notes and delivered to it money and property in the amount of $2,832. The contract of purchase reserved title in the plaintiff until the full amount of the notes was paid. The defendants claimed that the dumptor did not perform according to the representations contained in the literature sent them prior to the execution of the contract nor to representations made by plaintiff's agent at the time of the sale. They refused to pay any of the eight notes, and this action was brought to enforce their collection. Defendants answered, setting up the failure of the dumptor to handle the work as represented, asserted that they were induced to purchase it by fraudulent representations, and interposed a counter-

claim for an amount equal to the difference between what the machine was actually worth and what it would have been worth had it been as represented, plus the amount paid by them for repairs.

Upon the trial the court in substance charged the jury that fraud was the essence of defendants' counterclaim and that if they found that plaintiff or its agent made a fraudulent representation which induced defendants to purchase the dumptor to their damage the jury should find for defendants. The trial resulted in a verdict for the defendants in the sum of $1,300.

■ Plaintiff assigns error on the admission of testimony tending to prove false representations. It is claimed by plaintiff that inasmuch as the written contract of purchase contained a warranty and provided a remedy for its breach the defendants can have no relief except that provided in the contract unless their signatures were obtained by fraud. Here there was no evidence that the signatures were obtained by fraud. The representations claimed to have been fraudulent preceded the execution of the contract.

It is well settled in this state that:

"Parol evidence is admissible to show that the making of the contract was procured by fraudulent representations. This does not vary the terms of the contract. * * * A contract resting on fraud, when under attack, cannot stand. The fact that the contract has been reduced to writing does not change the rule. The written agreement may express what was intended but the wronged party so intended because of the fraud and not otherwise." Citing cases. Ganley Brothers, Inc. v. Butler Brothers Bldg. Co. 170 Minn. 373, 375, 212 N. W. 602, 56 A. L. R. 1.

In Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665, 667, a case not unlike the one at bar, it was held that a written compromise and settlement of an existing express warranty in regard to a tractor did not bar an action against the vendor on the express warranty since the compromise and settlement agreement was procured on the representation of the vendor that the tractor would, with new parts, perform satisfactorily. It failed to do so. The court there said [137 Minn. 324]:

"Defendant was the manufacturer of the engine and presumptively possessed of knowledge of its condition and whether the improvements suggested would overcome the defects theretofore complained of. The representations were unqualified and must be treated as assertions of a fact within the knowledge of defendant, the falsity of which constitutes fraud as a matter of law. This is thoroughly settled law in this state."

The case at bar was tried on the theory of fraud, and no allegation of implied warranty was contained in the pleadings. Defendants cite two cases involving contracts of a similar nature which were tried on the theory of breach of an implied warranty. National Equipment Corp. v. Moore, 189 Minn. 632, 250 N. W. 677; Hughes v. National Equipment Corp. — Iowa, —, 250 N. W. 154. Since this issue was not raised in the trial court it cannot be raised here.

■ Plaintiff contends that the evidence of fraud was not sufficient to sustain the verdict. An examination of the record discloses that prior to making the sale plaintiff's agent went to the scene of defendants' operations and saw their equipment at work. He told them that the dumptor in question would keep up with and surpass any other machine then being used by them and that it would work in coöperation with their other machines and equipment. This was more than mere sales or trade talk. It was vital to defendants' operations that their machinery should work in harmony and that one piece should not impair the effectiveness of another. Plaintiff was possessed of knowledge of the machine and its capabilities; and its false assertion, through its agent, that the dumptor would do a certain amount of work and coördinate with the machines already owned by defendants was an assertion of fact and constituted fraud. Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665.

■ Plaintiff also assigns error on the ground of the court's refusal to charge the jury that the contract contained all agreements concerning the transaction and contends that because of the statement in the contract that "no representations made by an agent

\* \* \* not included herein shall be binding" the jury was precluded from considering any of the false statements made by plaintiff's agent.

A party who makes fraudulent representations to induce another to make a contract cannot escape liability for his fraud by incorporating a disclaimer of fraud in the contract.

"This rule cannot be curtailed or destroyed by writing in the contract: 'This contract was not procured by fraud.' If so, a party could take advantage of his own fraud if he could succeed, by fraud if necessary, in getting into the instrument a clause negativing fraud." Ganley Brothers, Inc. v. Butler Brothers Bldg. Co. 170 Minn. 373, 212 N. W. 602, 56 A. L. R. 1, and cases cited.

The fact that the agent made the false representations makes no difference. The fraud of the agent was the fraud of the plaintiff since the statements were made in the course of the transaction of which he had charge. In Jones v. Brandt, 173 Wis. 539, 181 N. W. 813, the Wisconsin court had before it a contract which purported to exclude representations made prior to its execution and necessarily by an agent because the seller was a corporation. The contract was held not to prevent a showing of prior fraudulent representations. In General Elec. Co. v. O'Connell, 118 Minn. 53, 136 N. W. 404, 406, this court, in holding that such a contract provision did not preclude a showing of prior fraudulent misrepresentations, said [118 Minn. 57]:

"Likewise, where the fraud consists of representations regarding the subject-matter of the contract, aside from its agreements and promises, it is well settled that one cannot escape the consequences of his fraud by hiding behind an instrument secured by such fraud. In such cases, the law sweeps away the instrument, and leaves the guilty party to face his accuser. Nothing is added to or taken away from the instrument; and, if, in a particular case, such seems to be the effect, it is only seeming—the fraud being no less fraud because it relates to matters purporting to be covered by the terms of the instrument. This doctrine has been applied a number of times by this court."

This covers all the assignments that have been argued by the appellant.

The order is affirmed.

ON APPLICATION FOR REARGUMENT.

On February 23, 1934, the following opinion was filed:

*PER CURIAM.*

Plaintiff complains that the trial court did not, in its charge, discuss the written contract of purchase. The reason for this is obvious. This suit was not for breach of any warranty contained in that contract. The suit was based exclusively upon fraudulent representations made to induce the purchase. The trial court made this perfectly plain and adequately covered the proper theory of the case. Plaintiff complains that in our original opinion we did not discuss the refusal to charge as stated in its assignments numbered 10 and 11. These requests were based upon the theory that the counterclaim sought recovery for breach of warranty and hence were not applicable. No recovery was sought on that theory.

Rehearing denied.

