# Morguelan et al. v. Nat Levy Realty Co. et al.

January 10, 1950.

Lawrence S. Grauman for appellees.

Sidney Baer, Edwin Baer, and Richard C. Oldham for appellants.

JUDGE HELM—Reversing.

On May 4, 1948, appellants filed this action alleging that on or about September 3, 1947, for a consideration of $23,000, they purchased from appellee, Ben Kaplan, a house and lot located at 2538 Meadow Road, Louisville, the house having been constructed by appellee, Nat Levy Realty Company; that before the

real estate was purchased appellees made certain representations with reference to the house having been built with good material and in a workmanlike manner, which representations were relied upon and which were untrue. Appellants sought damages in the sum of $8,250.

Appellees filed answer, alleging in paragraph 2 of the answer that the house at 2538 Meadow Road had been purchased by appellants from appellee Kaplan under a written contract dated July 25, 1947, the contract being set out in full and containing express provisions on the part of appellants that:

"We specifically represent that we have inspected the property in its entirety and have satisfied ourselves that as to the design, condition and construction of the property and understand that we were unconditionally privileged to have an inspection made of the property by some one of our own selection.

"We further represent that no representation of any kind whatsoever has been made to us by the seller or any representative of the seller in order to induce the execution of this contract.

"The sole and only consideration for the execution of this contract is the terms specifically stated in writing herein."

Appellants filed a reply admitting the signing of the contract referred to in the second paragraph of appellees' answer, but pleading in the second paragraph of the reply that at the time appellants signed the contract set out in the answer the residence was only partially completed, and that they were induced to sign the contract by reason of the representation and warranties of the appellees, as set out in appellants' petition.

Appellees demurred to paragraph 2 of appellants' reply. The trial court ordered that the "demurrer be carried back to the petition" and sustained.

Appellants then filed an amended petition again admitting the written contract of July 25, 1947, with appellees, and setting out the purchase of the 2538 Meadow Road property for $23,000, and execution of a deed for this property to them by appellee Kaplan on September

3, 1947, and pleading that at the time of the execution of the contract appellant Samuel Morguelan examined and inspected "the partially completed house;" that "there were no rooms, stairs, halls, floors, walls, windows, or any of the interior completed." Appellants set out numerous alleged defects in the house as constructed and plead that appellants "indicated the defects" to appellees, and appellees "agreed to correct them before and after the consideration above stated had been paid by the plaintiffs."

Appellants, in their petition and reply, attempt to vary the provisions of a written contract without seeking to reform or rescind that contract on the ground of fraud or mutual mistake. Prior and contemporaneous parole understandings or agreement are merged in a written contract which the parties execute, and unless such a contract is reformed by a court of equity because of fraud or mutual mistake, parol terms cannot be considered. It follows that the trial court correctly sustained appellees' first demurrer.

However, appellants, in their amended petition, plead that as of the date of the contract the house was not completed, and plead that they called appellees' attention to defects which they enumerate in their pleadings, and that appellees agreed to correct them, both before and after July 25, 1947, the date of the contract. We are of the opinion that under the pleadings appellants are not entitled to show or recover for any alleged defects or defective construction previous to the date of the execution of the contract of July 25, 1947. But we are of the opinion that appellants do state a cause of action because of any alleged defects or defective construction done after the time of the execution of the contract of July 25, 1947. It follows that the court erroneously sustained appellees' demurrer to appellants' amended petition.

The judgment of the trial court is reversed with directions for proceedings not inconsistent with this opinion.