**Dodson N. BRYANT et al., Appellants,**

v.

**Albert TROUTMAN et al., Appellees.**

Court of Appeals of Kentucky.

March 2, 1956.

Wallace & Hopson, Henry D. Hopson, D. L. Frederick, Louisville, for appellants.

Thacker & Sanders, Louisville, for appellees.

SIMS, Judge.

Appellants, plaintiffs below, sued appellees for $4,066.10 damages the complaint alleged they sustained by reason of fraudulent representations appellees made in reference to a house in Louisville which appellants purchased from appellees for the

sum of $12,250. Appellees filed motion for a summary judgment under CR 56.02 and supported their motion by affidavit. The court sustained the motion, dismissed the complaint and this appeal followed.

The complaint averred the property was purchased on June 27, 1953, and that appellees willfully and knowingly concealed material facts concerning defective conditions of the house, which defects were unknown to appellants and could not have been discovered by them by the exercise of reasonable care in the inspection of the property. After this general averment of fraud on the part of appellees, appellants specifically set out fourteen defects in the house and the amount they were damaged by each defect.

The affidavit supporting the motion for summary judgment averred the house was built by affiant and was completed prior to June 27, 1953, the date the parties entered into the written contract for the sale of the property. The affidavit further averred all the parties to this action signed the contract of sale, which contained this sentence:

"We have read the entire contents of this contract and are not relying on verbal statements not contained herein. We further certify that we have examined the property described hereinabove; that we are thoroughly acquainted with its condition and accept it as such."

Appellants insist the sentence just quoted does not relieve appellees from any fraud they practiced on appellants. Appellees contend that under the sentence just quoted from the contract appellants cannot introduce testimony of contemporaneous parol agreements unless the contract is reformed for fraud or mutual mistake, citing Morguelan v. Nat. Levy Realty Co., 311 Ky. 845, 226 S.W.2d 20.

The Morguelan opinion is not controlling here. There, the suit was for damages for breach of warranty contained in a written contract, while here the action is for damages for the alleged fraud of appellees which induced appellants to enter into the written contract. The rule is that parol testimony is not admissible to vary the terms of a writing. When the negotiations are completed by the execution of the contract, the transaction, so far as it rests on the contract, is merged in the writing. But false and fraudulent representations made by one of the parties to induce the other to enter into the contract, are not merged in the contract. Parol evidence is admissible to show that the making of the contract was procured by fraudulent representations. This does not vary the terms of the contract. Sellards v. Adams, 190 Ky. 723, 228 S.W. 424; Adams v. Fada Realty Co., 305 Ky. 194, 195, 202 S.W.2d 439. Even though the false representations relate to matters covered by a warranty in the contract, if the purchaser was induced to enter into the contract in reliance upon the false representations, he may maintain an action for recission, or he may accept the contract and sue for damages suffered on account of the fraud or deceit. Salyer v. Blessing, 151 Ky. 459, 152 S.W. 275; Nunn v. Howard, 216 Ky. 685, 288 S.W. 678; the Sellards case just cited.

[5–7] In the sale of real estate the intentional suppression of facts known to the seller and unknown to the purchaser is ground for an action for deceit if the purchaser was damaged by reason of the fraudulent concealment. Where there is a latent defect known to the seller and he remains silent with the knowledge that the buyer is acting on the assumption that no defect exists, the buyer has a cause of action against the seller for an intentional omission to disclose such latent defect. 23 Am.Jur. "Fraud and Deceit," § 78, p. 854; Highland Motor Transfer Co. v. Heyburn Bldg. Co., 237 Ky. 337, 35 S.W.2d 521, and the several authorities cited therein on page 523; Kaze v. Compton, Ky., 283 S.W.2d 204. However, mere silence does not constitute fraud where it relates to facts open to common observation or discoverable by the exercise of ordinary diligence, or where means of information are as accessible to

one party as to the other. 23 Am.Jur. "Fraud and Deceit," § 84, p. 863.

 If appellees in selling this property to appellants intentionally omitted to disclose to appellants, latent defects in the property, of which the latter were not aware and they were thereby induced to enter into the contract to purchase, then the sentence in the contract which is quoted in the third paragraph of this opinion will not relieve appellees of their fraud. One cannot contract against his fraud. 6 Corbin on Contracts, § 1516, p. 983. It was written in Ganley Bros. v. Butler Bros. Building Co., 170 Minn. 373, 212 N.W. 602, 603, 56 A.L.R. 1, at page 4:

> "The law should not, and does not, permit a covenant of immunity to be drawn that will protect a person against his own fraud. Such is not enforceable because of public policy. * * * Language is not strong enough to write such a contract. Fraud destroys all consent. It is the purpose of the law to shield only those whose armor embraces good faith. Theoretically, if there is no fraud, the rule we announce is harmless. If there is fraud, the rule we announce is wholesome."

Also see Arnold v. National Aniline & Chemical Co., 2 Cir., 20 F.2d 364, 56 A.L.R. 4.

 It is patent from what we have said that the court erred in granting summary judgment in favor of appellees. He should have required them to answer and if an issue be raised, then proof should be heard. However, on the fourteen specific defects set out in the complaint, it would appear some of them are of such nature that appellants could have discovered them upon using ordinary care in inspecting the property. As above pointed out, appellants should not be permitted to recover on such apparent defects.

The judgment is reversed for proceedings consistent with this opinion.