**C. W. SMITH, Appellant,**

v.

**Elmer D. FERGUSON, Appellee.**

Court of Appeals of Kentucky.

Nov. 16, 1956.

T. T. Burchell, Manchester, for appellant.

Roy W. House, Manchester, for appellee.

CAMMACK, Judge.

Primarily, this is an action to recover the balance due on a house-building contract. It was instituted in 1952. The old Code provisions apply. Since the case is somewhat involved, we will give a brief picture of the controversy, as we understand it.

The appellant, C. W. Smith, is a building contractor in Clay County. In August, 1950, after some preliminary bargaining, he entered into a written contract with the appellee, Elmer Ferguson, under which he agreed to construct a house for $9,500 for Ferguson. He was to have it ready for occupancy in approximately six months. To meet changed conditions which might cause unforeseen expenses in the construction of the house, the contract provided that Smith should submit a statement of such extra charges to Ferguson for approval before proceeding with the work. It provided further that, should the "extra-expenses" be not readily ascertainable, the work would be performed on a 10 per cent cost plus basis. After considerable delay, the house was completed in December, 1951, and forthwith was accepted by Ferguson. A total of $5,550 had been paid on the contract when Smith brought this action to recover an additional $7,305.17; $3,355.17 of which was a claim for reimbursement for "extra-expenses." Ferguson entered a general denial to the allegation for extra expense; he sought as a set-off $842.38, the amount spent by him for materials Smith was obligated to furnish, but did not do so; and $912.44 in damages for the delay in construction. A supplemental petition was filed later wherein Smith sought a reformation of the contract. By amendment to his counterclaim Ferguson sought an additional $1000 for alleged poor workmanship.

The trial judge allowed Ferguson $574.98 on his original set-off and counterclaim, and denied him relief on his amended counterclaim. He refused to reform the contract, but awarded Smith a judgment of $3,375.02; the balance due under the contract. Some five months after the entry of the judgment, and upon motion of the executor of the estate of Hiram Owens, Smith's original attorney, the trial judge ordered that $500 be paid the estate, and that the sum be taxed as costs in the action. After finding that Smith refused to execute a waiver of lien upon tender of the sum awarded him, the trial judge, in July, 1954, ordered Ferguson to pay the judgment to the clerk. He ordered further that the money be held in escrow subject to the $500 attorney's fee awarded Owens' estate; and also that the remainder of the money awarded Smith be held pending the outcome of another and unrelated action in which Smith was the defendant. Apparently, the trial judge acted on his own motion in withholding Smith's money, pending the outcome of another and wholly unrelated action. From the original judgment, the order awarding Owens' estate $500, and the order impounding the money awarded him under the judgment, Smith is appealing.

Reversal of the judgment is urged because (1) Ferguson's amended counterclaim should have been stricken from the record because of late filing; (2) there was persuasive and sufficient evidence supporting Smith's claim for reformation of the contract; (3) full recovery should have been allowed under the "unforeseen expense" clause of the contract; (4) the allowance of $500 to Hiram Owens' estate as an attorney's fee was unreasonable; and (5) the trial judge's impoundment of the money awarded Smith was without justification.

■ Smith contends that there was error in permitting the late filing of Ferguson's amended answer, but we fail to see that this was prejudicial, since this pleading was passed to the merits and no recovery was allowed under it.

■ There was some evidence that, before entering into the written agreement,

**794**

Ferguson had promised that he would see that Smith did not lose any money on the job. But the price is stated unequivocally in the contract to be $9,500, and Smith presented no evidence to show that any such promise was made after the date of the written contract, or that the promise, if made, was in any way collateral to the agreement. In the absence of fraud or mistake, and there is no evidence here of either, a valid written contract merges all prior oral agreements and negotiations. Morguelan v. Nat Levy Realty Co., 311 Ky. 845, 226 S.W.2d 20.

Smith argues next that, if reformation is denied, the unforeseen expense clause of the contract should govern. Even assuming, arguendo, that this contention is well grounded, it was Smith's duty to bring himself within its provisions. He admitted that at no time did he present to Ferguson an estimate of extra expenses; and also, that Ferguson gave no approval to any increased expenditure. He presented no evidence to show that Ferguson had waived notice. Having failed to get Ferguson's approval for any extra expenses he might have incurred, he is precluded now from claiming extra compensation. Gibbons v. U. S., 15 Ct.Cl. 174, affirmed 109 U.S. 200, 3 S.Ct. 117, 27 L.Ed. 906. He may recover only the contract price, less the set-off allowed Ferguson by the trial judge, since he did not question that amount. But even if he had done so, the evidence amply supports the allowance on Ferguson's counterclaim.

Smith contends vigorously that the orders of the trial judge, entered subsequent to the judgment, were unreasonable and prejudicial. The orders are not properly before us. An order allowing an attorney's fee but not providing for a distribution of funds to the attorney, or his estate, is not a final order from which an appeal will lie. Buckley v. Buckley, 251 Ky. 271, 64 S.W.2d 593. Similarly, an order merely directing deposit of funds into court, even though completely unauthorized by law, is interlocutory if it does not also direct payment to a party. Settle's Adm'r v. Gordon, 8 Ky.Op. 775; Iglesias v. Banco Territorial Y Agricola De Puerto Rico, 1 Cir., 1920, 268 F. 479. Neither order is appealable.

Judgment affirmed.