**L. E. BEARD et al., Appellants,**

**v.**

**ECONOMY FINANCE CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

Paul R. Huddleston, Huddleston & Huddleston, Bowling Green, for appellants.

Angus W. McDonald, Lexington, for appellee.

W. MAJOR GARDNER, Special Commissioner.

North American Leasing Company leased bowling equipment to Newtown Investment Corporation for a total rental of $88,997.96, payable in 59 monthly installments of $1508.-

44 each. Simultaneously with the execution of the lease, appellants, who were stockholders of the Newtown Investment Corporation, individually executed and delivered to North American Leasing Company a "Guarantee of Lease," which provided that they jointly and severally guarantee the rental payments.

North American Leasing Company assigned the lease to appellee, Economy Finance Corporation. Newtown Investment Corporation made seventeen monthly payments and, upon default of other installments, Economy Finance Corporation declared all future installments due under the terms of the lease and instituted this action.

Appellants contend that as a condition precedent to the validity of the loan guarantee it was understood and agreed by all parties that the agreement was to be signed by certain persons; that it was not signed by one of the intended signatories and, therefore, was unenforceable as to those who did sign. This defense is set forth in the answer as follows:

"The defendants signed and delivered the Guarantee of Lease * * * upon the condition and pursuant to their agreement with North American Leasing Company that said guarantee would not become effective for any purpose unless and until it should be signed by all officers, directors, and stockholders of Newtown Investment Corporation, including Peter G. Powell, whose name was typed under a blank signature space appearing in that document shown with the complaint as Exhibit C * * * The Guarantee of Lease was not signed by Peter G. Powell in fulfillment of the condition upon which it was signed and delivered by the defendants."

The chancellor sustained appellee's motion for a judgment on the pleadings and adjudged appellee was entitled to recover the sum of $63,356.48 from appellants.

The specific question confronting us is whether a written contract not signed by all obligors is enforceable against those who do sign when there was a parol agreement that the contract was not to be effective unless signed by all. Appellee argues that the written contract provided that each person signing guaranteed the rental payments "jointly and severally," and therefore it was of no consequence to the guarantors whether the others executed the instrument. Appellee further contends that the parol evidence rule providing that all prior agreements are merged in the written contract should be invoked and cites Smith v. Ferguson, Ky., 295 S.W.2d 792, in support thereof.

It appears to us that the position of appellee is sound only if there was a valid subsisting contract. We are of the opinion, however, that the Guarantee of Lease never became effective if appellants are able to prove the defense stated in their answer. In the case of Castle Petroleum Co. et al. v. Becker Co. et al., 214 Ky. 7, 282 S.W. 186, there was a parol agreement that the promissory notes were to be signed by the defendants and one John F. Howes. They were not signed by John F. Howes and the parol agreement was set forth as a defense. The court held the defense sufficient and pointed out the distinction between parol evidence to vary or contradict a written contract and parol evidence to prove there was no contract in the first instance. The distinction is further emphasized in Pickrell et al. v. Wilson et al., 199 Ky. 20, 250 S.W. 135, where we find:

"While there is conflict in decisions upon this question, it seems that in part it is due to a failure to distinguish between a condition precedent, upon which the existence of the contract depends, and a condition subsequent, which admits of the existence of the contract, but superimposes additional conditions therein. In the latter class of cases the evidence is clearly inadmissible, but in the former practically all the text-writers and the great majority of the decisions are in accord that such evidence is admissible."

See also Cumnock-Reed Co. v. Lewis, 278 Ky. 496, 128 S.W.2d 926, and authorities cited therein.

We are of the opinion that appellants should have the opportunity to present their defense in a trial of the case which was precluded by the summary judgment on the pleadings.

The judgment is reversed for proceedings consistent with this opinion.