**AMERICAN NATIONAL BANK IN SPRINGFIELD,
Plaintiff-Respondent,**

v.

**WHITE RIVER SERVICE CORPORATION, Dean Saxton, Mary V. Saxton, Jack C. Wells, Betty J. Wells, Defendants,**

**John W. Holland and Betty Holland, Defendants-Appellants.**

No. 10203.

Missouri Court of Appeals,
Southern District,
En Banc.

Aug. 29, 1979.

Carl E. Yates, Yates, Mauck & Robinett, Inc., Springfield, for plaintiff-respondent.

Nicholas R. Fiorella, Springfield, for defendants-appellants.

· PER CURIAM:

This action is based upon a promissory note executed by White River Service Corporation payable to the order of American National Bank in Springfield. By Count I of its petition the bank sought judgment on the note against that corporation. By Count II, the bank sought judgment for the indebtedness evidenced by the note against six individuals (three husbands and wives) who allegedly guaranteed payment of that indebtedness to the bank. Upon its motion, the bank was granted a summary judgment upon Count I against the corporate defendant. Upon Count II, the bank was granted a summary judgment against five of the individual defendants. Upon her motion, the sixth individual defendant was granted a summary judgment absolving her of liability to the bank.

The case has had a long and tortuous history. It includes an amendment of the return of service upon the corporate defendant, such amendment showing a non-est return; four amendments to the petition; one amendment to defendants Hollands' answers; a mistrial; a default judgment on Count I, which was set aside; a second mistrial; and intervention by the individual defendants as defendants-intervenors in defense of Count I. Originally the five individual defendants who suffered the adverse summary judgment appealed. Three of those individual defendants have withdrawn their appeal. Only defendants John W. Holland and Betty Holland have pursued their appeal. There was no oral argument. The bank did not submit a brief. The case has been submitted upon a partial transcript. It is possible the trial court in granting the summary judgment had before it items not before this court. However that may be, we will review the case on the record presented to this court.

In summary, Count I of the petition alleged the execution and delivery of the note (a copy being attached and incorporated), a recitation of the provisions of the note regarding terms of payment and regarding attorney's fees, default in payment and the balance allegedly due. The prayer was for principal and interest and attorney's fees. Count II incorporated the allegations of Count I and alleged the execution of substantially identical "loan guaranty agreements" by five individual defendants and the execution of a different loan guaranty agreement by the prevailing individual defendant. Copies of the loan agreements were attached and incorporated. The prayer was for principal and interest and attorney's fees. The petition was verified by the president of the bank "to the best of his knowledge and belief".

As stated, the petition was amended four times. The substance of the third amendment was to add to Count II an allegation of the default judgment on Count I, which default judgment was later set aside. The other amendments did not materially alter the allegations. Prior to the hearing upon

the motion for summary judgment the plaintiff filed a motion to withdraw superseded pleadings and to proceed to trial on the original petition as amended by interlineation to show the correct corporate status of the plaintiff. The record does not show that this motion was ever expressly ruled upon.

Defendants Holland filed separate answers in regard to Count I. Defendant John W. Holland alleged that the corporate charter of the corporate defendant had been revoked; admitted the execution of the note by the corporate defendant; admitted the alleged terms for payment of the note and for attorney's fees; denied the note was in default and the balance alleged to be due. In answer to Count I defendant Betty Holland alleged she had no knowledge or information concerning the allegations of that count and therefore denied the same. In regard to Count II both defendants Holland admitted their execution of and the purpose of their loan guaranty agreement and basically incorporated their answers to Count I. Both defendants Holland alleged three affirmative defenses not now in issue. Both defendants Holland by amendment asserted an additional affirmative defense that the bank agreed and represented that the absolved individual defendant would become a co-guarantor, thereby inducing them to become guarantors, and that the bank failed to obtain a guaranty agreement of that defendant and that thereby they were discharged from liability upon their loan guaranty agreement. None of the answers or amendments were verified.

Interrogatories to and answers of the bank, non-appealing Dean Saxton and defendants Holland are included in the record. The only answers which remotely pertain to the issues involved in this appeal were the following: the bank's answer that on September 7, 1972, it first received information that the corporate defendant's charter had been revoked; the answer of Saxton that he "contended" that the balance due on the note was the same as that pleaded by the bank; and defendants Hollands' answers that they didn't know what payments were made on the note as they were made by Saxton.

The plaintiff sought a summary judgment "upon the admissions, pleadings and proof adduced herein to date". The summary judgment granted upon Count I recites that counsel for the defendants had been notified and that upon considering "the Affidavits and evidence adduced" determined the bank was entitled to summary judgment upon Count I as prayed in the petition originally filed and judgment was rendered accordingly. The summary judgment on Count II recites that the court has considered "the Affidavits and evidence and the pleadings, depositions, and admissions" and determined that the bank was entitled to summary judgment against the five individuals as guarantors of the debt which had been reduced to judgment upon Count I. Judgment upon Count II was entered accordingly.

Defendants Holland have not appealed as intervenors-defendants. Their appeal relates only to the summary judgment on Count II against them as defendants. In their brief they assert the trial court erred because there were genuine issues of fact concerning the bank's alteration of the terms of the note, whether the bank's failure to obtain a guaranty from the co-guarantor increased their liability, whether the amount of attorney's fees was reasonable and for the reason the bank was not entitled to a summary judgment as a matter of law. The record is totally devoid of any assertion or evidence that the bank had altered the note and this point will not be considered. Defendants Hollands' last point under Civil Rule 84.04(d), V.A.M.R., fails to preserve any allegation of error and will not be considered.

■ In determining whether or not the trial court erred in entering a summary judgment on Count II this court must view the record most favorably to defendants Holland. *Peer v. MFA Milling Co.*, 578 S.W.2d 291 (Mo.App.1979). A summary judgment is properly granted only "if the pleadings, depositions, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law". Civil Rule 74.04(c), V.A.M.R. The burden is on the movant to establish he is entitled to such relief. *Hurwitz v. Kohm*, 516 S.W.2d 33 (Mo.App.1974).

■ The bank could have supported its motion by affidavits, Civil Rule 74.04(a), V.A.M.R., but it did not do so. The bank could rely upon depositions and admissions on file, but there were no depositions and no admissions, except such admissions as were contained in the pleadings. The answers to interrogatories are of no aid. Had the motion as supported by evidentiary material established there was no genuine issue of fact, defendants Holland could not have relied upon their pleadings to controvert that evidentiary material and raise a genuine issue of fact. Civil Rule 74.04(e), V.A.M.R. In such event defendants Holland would have been required to come forth with evidentiary material to raise such an issue. *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978). It is possible that a pleading may constitute evidentiary material to support or oppose a motion for summary judgment. In this case the petition was verified. However, that alone does not meet the requirement of Civil Rule 74.04(e), V.A.M.R. "Although a verified pleading, like any pleading, may be presented to the court in a summary judgment proceeding, it will not be accorded the probative force of an affidavit unless it meets the requirements of Rule 56(e). This means that the content of the pleading must be asserted on the personal knowledge of the pleader, set forth facts that would be admissible in evidence, and show affirmatively that the pleader is competent to testify to the matters pleaded. Few pleadings will satisfy these requirements, even when verified." Wright & Miller, Federal Practice and Procedure: Civil § 2738, pp. 702–703.

Also see 6 Moore's Federal Practice, 2nd Ed., § 56.11[3]; *Allen v. St. Luke's Hosp. of Kansas City*, 532 S.W.2d 505 (Mo.App.1975). The bank's petition does not constitute evidentiary material.

■ Since the bank's motion was not supported by evidentiary material, in effect it became a motion for judgment on the pleadings.[1] In such event the position of the bank was similar to that of a movant on a motion to dismiss. *Cantor v. Union Mut. Life Ins. Co.*, 547 S.W.2d 220 (Mo.App.1977). If the ultimate facts pleaded by defendants Holland, together with the benefit of all reasonable inferences to be drawn from such allegations, show any ground upon which they could have prevailed, the motion should have been denied. *Sutton v. Sutton*, 567 S.W.2d 147 (Mo.App.1978). This is true if those allegations invoke principles of law that may entitle them to relief even though the defense is imperfectly pleaded. *DeMaranville v. Fee Fee Trunk Sewer, Inc.*, 573 S.W.2d 674 (Mo.App.1978).

■ The defendants Holland did plead that the bank agreed and represented that Mary Saxton would become a co-guarantor and that she did not and thereby defendants Holland were absolved. Under such allegation defendants Holland could have presented evidence which could have absolved them from or at least reduced their liability. While no Missouri case has been found, it is generally held that when a guarantor delivers a guaranty upon the condition precedent that others will also guarantee the debt, that guarantor is not liable unless the others do enter into such guaranty. *United States v. Everett Monte Cristo Hotel*, 524 F.2d 127 (9th Cir. 1975); *Beard v. Economy Finance Corporation*, 409 S.W.2d 516 (Ky.1966); *State Bank of East Moline v. Cirivello*, 74 Ill.2d 426, 24 Ill.Dec. 839, 386 N.E.2d 43 (1978); 38 C.J.S. Guaranty § 20b, p. 1159. It is no defense to such proposition to cite the parole evidence rule.

1. "Of course, a summary judgment motion may be made on the basis of the pleadings alone, and if this is done it functionally is the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings." Wright & Miller, Federal Practice and Procedure: Civil § 2713, p. 392. *International Business Machines Corp. v. David*, 408 S.W.2d 833 (Mo. banc 1966).

Parole evidence may generally be used, at least between the parties, to show the conditional delivery of an instrument. *United States v. Everett Monte Cristo Hotel,* supra; *Farmers Ins. Exch. v. Farm Bureau Mut. Ins. Co.,* 522 S.W.2d 779 (Mo. banc 1975). Further, proof under such allegation could conceivably extend to a written agreement providing that it was not to be merged into such guaranty and expressly providing for such absolution. In all events, the answers by this affirmative defense and in other respects did raise issues of fact. The summary judgment on Count II against defendants Holland is not supported by the record and is reversed and the cause remanded.

All concur except HOGAN, GREENE and PREWITT, JJ., recusing.