*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0020**

Aries Williams,
Appellant,

vs.

John Kienzle,
Respondent.

**Filed November 24, 2025**
**Affirmed**
**Connolly, Judge**

Dakota County District Court
File No. 19HA-CV-24-1256

Aries Williams, Eagan, Minnesota (pro se appellant)

John Kienzle, Hopkins, Minnesota (pro se respondent)

Considered and decided by Connolly, Presiding Judge; Larson, Judge; and Bond, Judge.

**NONPRECEDENTIAL OPINION**

**CONNOLLY**, Judge

In this appeal following a court trial, appellant argues that the district court erred in determining that she is the owner of a vehicle sold to her by respondent and that there was no breach of the agreement between appellant and respondent related to the purchase of the vehicle.  We affirm.

**FACTS**

In February 2018, pro se appellant Aries Williams and her ex-husband purchased a vehicle for their daughter from a car dealership owned at the time by pro se respondent John Kienzle. Although appellant claims that she did not want to be involved in the purchase of the vehicle, her ex-husband did not have insurance, and respondent informed him that the vehicle could not be purchased without insurance. According to appellant, she agreed to provide one month of insurance for the vehicle so that it could be purchased. Some of the documents related to the purchase of the vehicle list appellant and her ex-husband as co-purchasers, and some of the documents list appellant as the sole purchaser. But the bill of sale and title application list only appellant as the purchaser.

The vehicle purchased by appellant was previously owned by a family friend of respondent. On March 24, 2018, a "drive-off report" was filed alleging that a driver of the vehicle purchased by appellant had left a gas station without paying for gas. The notice and demand for payment for the unpaid fuel was addressed to respondent's family friend, who formerly owned the vehicle. Respondent responded to the demand for payment by stating that the vehicle had been sold to appellant in February 2018.

On May 29, 2018, appellant's daughter was driving the vehicle when she was in an accident. Because the vehicle driven by appellant's daughter was uninsured, and appellant was still on the title, appellant was sued by the insurer of the other vehicle for damages caused in the accident by appellant's daughter. This court affirmed a judgment in favor of the insurer based on a determination that appellant was the owner of the vehicle driven by

2

appellant's daughter. *Progressive Preferred Ins. Co. v. Williams*, No. A23-1374, 2024 WL 2721242, at \*2-3 (Minn. App. May 28, 2024), *rev. denied* (Minn. Oct. 15, 2024).

Before this court filed its opinion in *Williams*, appellant sued respondent in conciliation court claiming that she was entitled to damages because she was not the owner of the vehicle on the day her daughter was involved in the accident. The conciliation court ruled in favor of respondent. On appeal, the district court vacated the judgment of the conciliation court and set the matter for trial.

At trial, appellant claimed that, as part of the purchase agreement, she and her ex-husband were supposed to be on the title, and respondent was supposed to transfer the title solely to ex-husband within one month after the sale. Conversely, respondent testified that he had no authority to transfer title to ex-husband and that appellant and her ex-husband would need to go to the department of motor vehicles themselves to have the title changed.

The district court determined that this case involves "an allegation of breach of contract," with appellant claiming that respondent "violated their agreement to take her off the [vehicle] title," resulting in damages related to the accident involving her daughter. But the district court determined that the bill of sale is unambiguous and "excludes the possibility of any alleged conversations that happened outside the four corners of that contract." The district court then determined that "[a] hypothetical transfer/removal of [appellant's] title to the car after the sale to her would not have been possible, and there is

3

nothing to indicate fraudulent inducement had occurred." Thus, the district court concluded that appellant is the owner of the vehicle. This appeal follows.[1]

## DECISION

Appellant challenges the district court's determination that she is the owner of the vehicle and that there was no breach of the agreement between appellant and respondent related to the purchase of the vehicle for appellant's daughter. A breach-of-contract claim requires three elements: "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). A breach of contract occurs when there "is a failure, without legal excuse, to perform any promise that forms the whole or part of the contract." *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014).

When a determination of breach requires interpretation of an unambiguous contract, appellate courts interpret the contract's language de novo. *See Dykes v. Sukup Mfg. Co.*, 781 N.W.2d 578, 581-82 (Minn. 2010). When the language of a contract is clear and unambiguous, we construe it according to its plain meaning, and do not "rewrite, modify, or limit its effect by a strained construction." *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004); *see also Dykes*, 781 N.W.2d at 582. A contract is interpreted "as a whole," and reviewing courts "attempt to harmonize all [of its] clauses"

---

[1] Respondent did not file a brief in this appeal, and this court ordered that the appeal proceed under Minn. R. Civ. App. P. 142.03.

and "attempt to avoid an interpretation of the contract that would render a provision meaningless." *Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 525-26 (Minn. 1990).

Here, the bill of sale is an agreement to purchase the vehicle. The bill of sale was signed solely by appellant, demonstrating that she was the purchaser of the vehicle. Although appellant claims that there was an agreement or understanding that she would be the co-owner of the vehicle with her ex-husband and that respondent agreed to remove her from the title to the vehicle at a later date, the bill of sale unambiguously indicates that appellant was the purchaser of the vehicle.

Moreover, the bill of sale contains a merger clause stating:

> This Bill of Sale and the related documents that [p]urchaser signs contemporaneously with this Bill of Sale contain the entire agreement between [p]urchaser and [s]eller and cancels and supersedes any prior agreement including oral agreements relating to the sale of the motor vehicle. Any change to this agreement must be in writing and [s]eller must sign it.

Appellant signed the agreement as purchaser of the vehicle. And the record contains no other signed written agreement specifically changing the bill of sale. Thus, under the plain and unambiguous language of the bill of sale, appellant is the owner of the vehicle.

Appellant appears to argue that respondent fraudulently induced the sale of the vehicle to her by selling the vehicle to her ex-husband on February 22, 2018, having "him sign documents only," and then having her "sign documents to get insurance." Appellant appears to contend that she and her ex-husband were supposed to be co-owners of the vehicle, but that respondent "changed the paperwork without notifying the proper people or having both owners listed."

To support her position, appellant appears to refer to parol evidence related to the sale of the vehicle. *See Black's Law Dictionary* 699 (12th ed. 2024) (defining parol evidence as "evidence of oral statements"). But if a document is unambiguous, parol evidence is not admissible to vary or contradict its terms. *Webb v. Webb*, 360 N.W.2d 647, 649 (Minn. App. 1985). The parol evidence rule, however, has exceptions. For example, the supreme court has held that evidence of false representations was admissible notwithstanding the contract because the fraudulent representations were made before the parties entered into the contract and "[p]arol evidence is admissible to show that the making of the contract was procured by fraudulent representations." *Nat'l Equip. Corp. v. Volden*, 252 N.W. 444, 445 (Minn. 1934) (quotation omitted).

Here, the district court considered appellant's testimony related to the alleged fraudulent representations and determined that appellant's "allegations [of fraud] were unsubstantiated." This determination is supported by the record. *See In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221 (Minn. 2021) (stating that appellate courts examine the record to see if there is evidence that reasonably supports the district court's findings). Respondent testified that he informed appellant that the vehicle could not be sold to appellant's ex-husband because he did not have proof of insurance, and appellant agreed that was the reason she was added to the title. Respondent also testified that appellant was originally listed as a co-owner of the vehicle with her ex-husband, but that appellant insisted that she not be on paperwork with her ex-husband. In fact, appellant acknowledged at trial that she did not want her name on paperwork associated with her ex-husband. Moreover, the bill of sale, which was signed by appellant, is unambiguous and

6

excludes the possibility of fraudulent inducement by including specific language stating that "no unfair inducement has been made by [the] seller." Although appellant indicated at trial that respondent may have forged her signature, respondent testified that he observed appellant sign the bill of sale. The district court found respondent's testimony to be credible and we defer to that credibility determination. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988).

Appellant also argues that respondent engaged in fraud related to the sale of the vehicle by agreeing to transfer title to the vehicle to her ex-husband a month after the sale, but then failing to follow through with his obligation. But as the district court found, the "Bill of Sale, as a contract representing mutual agreement, provides clear terms and excludes the possibility of any alleged conversations that happened outside of the four corners of that contract." Moreover, respondent testified that, after appellant left the car dealership, it "was [appellant's] vehicle" because he "could only title it" to her. Respondent added that, after appellant "received the vehicle[,] if [she] chose to do something different with ownership, [she] would have to go with that person and the title to the [department of motor vehicles (DMV)] and transfer it on [her] own." And respondent further clarified that he specifically told appellant that he "can only transfer title one time, title then gets mailed to you from the DMV, you'd be able to go and transfer that into [ex-husband's] name . . . by going to the DMV." Thus, as the district court determined, "[a] hypothetical transfer/removal of [appellant's] title to the car after the sale to her would not have been possible." *See* Minn. Stat. § 168A.10, subd. 1 (2024) ("If an owner transfers

7

interest in a vehicle . . . , the owner shall at the time of delivery of the vehicle execute an assignment and warranty of title to the transferee . . . .").

Finally, appellant appears to argue that respondent engaged in fraud related to the sale of the vehicle, and violated Minn. Stat. § 168.A.10, subd. 1, by "fail[ing] to transfer title [of the vehicle] within ten days of selling [the] car." We disagree. Respondent explained that he "misplaced" the paperwork related to the sale of the vehicle, and that when he later discovered the misplaced paperwork as a result of the reported "drive-off," he promptly transferred the title. Respondent also acknowledged that, as a result of his negligence, he paid a fine for failing to promptly transfer title. The district court found respondent's explanation to be credible and, again, we defer to that credibility determination. *See Sefkow*, 427 N.W.2d at 210. As such, the district court did not err in determining that appellant cannot establish that her purchase of the vehicle was induced by any fraudulent representations.

**Affirmed.**