GREG COATS CARS, INC., Appellant,

v.

Nancy KASEY and Beneficial Finance
Company, Appellees.

Court of Appeals of Kentucky.

Dec. 8, 1978.

Alfred J. Simon, Jr., Louisville, for appellant.

Richard F. Newell, Ogden, Robertson & Marshall, Louisville, for appellee, Beneficial Finance Co.

Karl M. Walz, Louisville, for appellee, Nancy Kasey.

Before COOPER, GANT and WINTER-SHEIMER, JJ.

WINTERSHEIMER, Judge.

This is an appeal from a judgment entered March 6, 1978, which ordered cancellation of a contract to purchase a used automobile and awarded damages for breach of warranty. On April 22, 1974, appellee Kasey purchased a 1971 Triumph Spitfire from appellant for the amount of $1,695.00, of which all but $100.00 was financed with appellee Beneficial Finance Company. After delivery of the automobile which had 50,000 miles on it, it was discovered that there were serious and numerous mechanical defects. Appellee Kasey sent a notice of rejection of the contract. Kasey did not keep up the mortgage payments and appellee Beneficial Finance repossessed the automobile and sold it at auction for a net sum of $750.23. Appellant and appellee Kasey maintain that the auction sale was not commercially reasonable. The evidence indicates that appellee Kasey had the use of the automobile for no more than four days from the time of sale to its repossession. During this period, however, the appellant had loaned Kasey the use of another automobile, without charge. This matter was referred to a trial commissioner who made his report which was excepted to. The exceptions were overruled.

Appellant sets out the following points:

1) Absent fraud, it was error to rescind the contract.

2) There was no breach of contract.

3) The contract validly excludes all warranties.

4) The repossession sale was not commercially reasonable.

This Court reverses the judgment of the trial court because the findings of the trial commissioner, which are confirmed by the judgment, are not supported by the evidence in the record. The commissioner's report ignored the disclaimer of warranty.

A careful examination of the contract between the appellant and appellee Kasey indicates that all representations made by the appellant were fully performed. There can be no fraud or misrepresentation when one of the contracting parties does all that it must in order to perform the contract. There was no proper basis for cancellation or rescission of the contract. One of the principal contentions of the appellee is that the delay in making the repairs constituted a breach of contract. The evidence indicates that the delay was due, in part, to the fact that the automobile was of English manufacture and that parts were difficult to obtain. The evidence also shows that the appellee Kasey was supplied, free of charge, another automobile for her use. In light of these facts, we cannot conceive of a substantial or material breach of contract in this respect.

Nonperformance of an agreement is not grounds for cancellation of a contract in the absence of additional circumstances justifying equitable relief. Here, the performance was delayed for some time, due to the difficulty in obtaining parts for the foreign car, but was eventually made. It appears that under all the circumstances the performance was within a reasonable time. This is all that is required where no specific time is fixed by the contract. 17 Am.Jur.2d, *Contracts,* § 80.

The most telling argument by the appellant is that the contract properly excludes all warranties. An examination of the sales document indicates that it complies with Kentucky law in respect to informing the purchaser of the conditions of the contract. The statutory requirements are met for ex-

cluding warranties by use of bold type, large type, red ink, words excluding all warranties and subject to all defects. The language "as is with all defects" is clearly used in this document. Appellee Kasey voluntarily made the contract after inspecting the auto and having the buyer's order before her in clear, concise and complete terms.

■ It is obvious to this author that the frequently used expression "caveat emptor", or let the buyer beware, is a commercial reality in respect to the transfer of used cars, as well as any other item of personal property or goods.

■ The Uniform Commercial Code specifically provides that parties may exclude warranties. KRS 355.2–316(2) and (3). The code also provides for the method of exclusion, giving the wording to be used and stating that it must be conspicuous. KRS 355.2–316(2).

■ The repossession sale by appellee Beneficial Finance was commercially reasonable. The record indicates that after repossession Beneficial notified Kasey that the car would be sold at auction and she signed a bill of sale. The record indicates that Beneficial also notified appellant who claimed it had a potential buyer and wanted Beneficial to finance the resale. Beneficial told appellant's representative of the auction, but the record indicates that Beneficial never received a valid offer from the appellant. Beneficial's contract was with Kasey and not the appellant. The car was sold at public auction at a time and place customary for such sales. Appellant has not presented any authority or proof to support its appeal against Beneficial. The conclusions drawn by the trial court, based on the evidence before it, are consistent with the statute and decisions of Kentucky. The sale of the automobile was commercially reasonable. See: *Nelson v. Monarch Investment Plan of Henderson, Inc.*, Ky., 452 S.W.2d 375 (1970) and KRS 355.9–507(2) and KRS 355.9–504(3).

It is the opinion of this Court that there was no evidence of fraud or misrepresenta-

tion and it was error for the trial court to rescind the contract. The document clearly states the automobile was purchased "as is with all defects". The contract excluding all warranties was valid, and therefore, it was error to make an award against the appellant. The evidence does not support the findings by the trial commission, as confirmed by the trial court, that there was a breach of an implied warranty. However, it appears that the repossession sale by Beneficial was commercially reasonable.

It is the holding of this Court that the judgment of the trial court, which is based on the findings of the trial commissioner, is not supported by the evidence. The trial commissioner ignored the obvious and plain disclaimer of warranty in the sales contract.

Therefore, so much of the judgment as relates to appellee Beneficial Finance Company is affirmed. So much of the judgment as relates to appellee Kasey is reversed.

All concur.