**KEENELAND ASSOCIATION, INC., Plaintiff,**

v.

**Jerry HOLLENDORFER, Defendant.**

**Civil Action No. 96–466.**

United States District Court, E.D. Kentucky.

Nov. 5, 1997.

cerning the same underlying case and controversy at this point necessitates the result reached here.

William L. Montague, Jr., Harvie B. Wilkinson, David Earl Fleenor, Stoll, Keenon & Park, LLP, Lexington, KY, for Keeneland Ass'n, Inc., Plaintiff.

Don S. Sturgill, Phillip M. Moloney, Sturgill, Turner & Truitt, Lexington, KY, for Jerry Hollendorfer, Defendant.

### *OPINION AND ORDER*

FORESTER, District Judge.

## I. INTRODUCTION

This matter is before the court upon the motion of plaintiff for summary judgment filed July 30, 1997 [docket entry # 22]. The defendant filed a response in opposition to said motion on August 29, 1997 [docket entry # 26], to which plaintiff has replied on September 11, 1997 [docket entry # 27]. Accordingly, this matter is ripe for review.

## II. FACTS AND PROCEDURAL HISTORY

This action arises from the sale of a filly at Keeneland's 1996 September Yearling Sale. The facts which give rise to this action are as follows. On September 6, 1996, the consignor, Fred Seitz, agent for Stillmeadow Farm, deposited the radiographs of the filly at issue in the case *sub judice* with Keeneland's repository. The purpose of the repository is to facilitate an exchange of information between consignors and purchasers. There is no requirement on consignors to place any medical information in the repository; participation is completely voluntary.

Nancy Simmons Nuckhols, assistant to the defendant, Jerry Hollendorfer, on two occasions prior to the sale and once on the day of the sale, went to the repository to review the radiographs and/or other equine medical information regarding the filly at issue. She states that Cathy Schenck, the repository librarian, told her that the information she was seeking about the filly in question had been misplaced. Conversely, Schenck testifies that the radiographs were not misplaced. However, for purposes of this motion, the

plaintiff does not challenge Nuckhols' contention.

At the Keeneland Sales on September 12, 1996, Hollendorfer, a man experienced in the thoroughbred business, was the last and highest bidder for a thoroughbred filly by MARGUETRY out of PLAY MISTY (Hip Number 1165). Hollendorfer, without having seen the radiographs, chose to bid $62,000 on the filly.[1]

The "Conditions of Sale" constitute the only contract between the parties. The Conditions of Sale are laced with "buyer beware" language. For example, the Introduction of the Conditions of Sale states:

All prospective bidders are urged to **carefully examine horses** in which they may be interested personally and/or by agents or veterinarians of their choosing **BEFORE bidding** as they are accepting any horse purchased with all conditions and defects except those conditions and defects which are specifically warranted in these Conditions of Sale and were not so announced prior to sale.

Conditions revealed by post-sale laryngoscopic examinations for which recession is allowed are **ONLY** as set forth in Conditions of Sale Sixth. There are other conditions which may be revealed by that examination or other examinations which may affect the desirability of purchasing the horse but which are not grounds for recession of sale.[2]

Additionally, the First Condition in the Conditions of Sale provides:

**THERE IS NO WARRANTY EXPRESS OR IMPLIED BY KEENELAND OR CONSIGNOR (INCLUDING OWNER), EXCEPT AS SET FORTH HEREIN, AS TO THE MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OF ANY HORSE OFFERED IN THIS SALE. ALL SALES ARE MADE ON AN "AS IS" BASIS, WITH ALL FAULTS AND DEFECTS.**

Moreover, the Fifth Condition in the Conditions of Sale states:

---

1. He states that $62,000 was lower than he would have bid due to the missing radiographs.

2. The Eighteenth Condition of the Conditions of Sale, reiterates this pre-bidding warning.

OTHER THAN THOSE LIMITED WARRANTIES EXPRESSLY STATED IN THESE CONDITIONS OF SALE, OR UNLESS OTHERWISE EXPRESSLY ANNOUNCED AT TIME OF SALE, THERE IS NO GUARANTEE OF ANY KIND, EXPRESS OR IMPLIED, AS TO THE SOUNDNESS, CONDITION, WIND OR OTHER QUALITY OF ANY HORSE SOLD IN THIS SALE.

(The Court notes that none of the warranties stated in the Conditions of Sale nor any of the exceptions to the "as is" language of the Conditions of Sale apply in this case.) Finally, the Eighteenth Condition of the Conditions of Sale provides that Keeneland "will not review the Repository Information and makes no warranty or assurance of any kind concerning the authenticity or accuracy of the Repository Information, all of which shall be the responsibility of the consignor."

After the sale, Hollendorfer had Dr. Kim Kuhlman, D.V.M., examine the x-rays of the filly in the repository. Dr. Kuhlman concluded that the filly had OCD lesions in the right-hind pastern which might affect the filly's ability to race and train. Based on this finding, Hollendorfer attempted to rescind the sale and refused to pay Keeneland.

Subsequently, on December 4, 1996 Keeneland filed this breach of contract action. Keeneland seeks a judgment against the defendant for $62,000 plus interest of 1½ % per month beginning September 12, 1996, a judgment that Keeneland has a valid and enforceable lien on the filly and costs including reasonable attorneys fees.

## III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff moves the court for summary judgment on its breach of contract claim. Plaintiff argues that the defendant owes plaintiff $62,000 on the contract entered into on September 12, 1996 for the purchase of a filly, plus pre-judgement and post-judgment interest at the contract rate of 1½ percent. The plaintiff submits that the contract carried no warranties and included an "as is" provision. Thus, the plaintiff argues that the defendant has no defense to the enforcement

of the contract and therefore, that the plaintiff should prevail as a matter of law.

In opposition, the defendant argues the plaintiff was negligent in its operation of the repository and as such, the defendant is entitled to revoke his acceptance. Defendant submits that this case does not involve the Conditions of Sale since the contract only warrants the soundness of the yearling and instead rescission should be granted because Keeneland failed in its duty to exercise ordinary care in maintaining the records in the repository.

### A. Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.,* 8 F.3d 335, 340 (6th Cir.1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence

of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. at 2510 (citations omitted).

### B. Analysis

In short, defendant contracted to buy a filly and is now bound by his bid and the ensuing contract because defendant is not entitled to recission for two reasons. First, the Conditions of Sale disclaim the existence of warranties, either expressed or implied, which are not contained in the Conditions of Sale. Further, the Conditions of Sale contain an "as is" clause. Accordingly, the buyer is not entitled to recission. *See Cohen v. North Ridge Farms*, 712 F.Supp. 1265, 1267 (E.D.Ky.1989)(held buyer, who did not request an exam of the horse prior to the sale, was not entitled to rescission of sale because the contract between the parties contained an "as is" clause, warned the buyer that no warranty was provided, express or implied, and that there was no guarantee as to "soundness, condition, wind or other quality"). *See also, Keeneland Association, Inc. v. Eamer*, 830 F.Supp. 974, 989 (E.D.Ky. 1993)(held the owners and Keeneland had no duty to have the filly examined before the sale and thus granted summary judgment in favor of Keeneland). Second, even if Keeneland was negligent, Keeneland's operation of its repository was not the proximate cause of plaintiff's damages in this case. Hollendorfer knew that there were radiographs taken of the horse but that they could not be found. Yet, he gambled and chose to bid on the filly without first viewing the filly's medical information housed at the repository and without conducting an independent examination of the filly, both of which the Conditions of Sale advise the buyer to do. Consequently, de-

fendant is saddled by the sale.[3] Accordingly, the Court shall enter summary judgment in favor of the plaintiff.

### IV. CONCLUSION

For the aforementioned reasons, the Court, being otherwise fully and sufficiently advised, the HEREBY ORDERS:

1) that plaintiff's motion for summary judgment [docket entry] IS GRANTED, AND A JUDGMENT SHALL BE ENTERED CONTEMPORANEOUSLY WITH THIS ORDER IN FAVOR OF THE PLAINTIFF;

2) the pretrial conference scheduled for March 16, 1998, IS SET ASIDE; and

3) the jury trial scheduled to begin April 14, 1998 IS SET ASIDE.

### SUMMARY JUDGMENT

In accordance with the Opinion and Order entered contemporaneously with this Summary Judgment, the Court hereby ORDERS AND ADJUDGES:

(1) summary judgment is entered in favor of the plaintiff, Keeneland Association, Inc.;

(2) this matter is DISMISSED WITH PREJUDICE;

(3) this judgment is final and appealable, and no just cause for delay exists; and

(4) this matter is STRICKEN from the active docket.

---

3. The Court, by basing its finding on the issue of causation, does not find that Keeneland had a duty to operate its repository in a non-negligent manner or that Keeneland was negligent in this case if it had a duty. Rather, the Court assumed defendant's legal contention concerning duty to be true for purposes of this motion only, as that analysis and determination was unnecessary considering the final ruling of the Court. This assumption in no way indicates how the Court may rule on such issue in the future.