Evan **ROBERTS**, Appellant

v.

**LANIGAN AUTO SALES**, Appellee.

No. 2010–CA–000950–MR.

Court of Appeals of Kentucky.

Jan. 4, 2013.

Discretionary Review Denied by Supreme Court Sept. 18, 2013.

Lee Cassie Yates, Eric Kaczander, Chicago, IL, for appellant.

Kent W. Seifried, Ft. Mitchell, KY, for appellee.

Before ACREE, Chief Judge; CAPERTON and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Evan Roberts appeals from the Kenton Circuit Court order dismissing his action against Lanigan Auto Sales ("Lanigan"). For the following reasons, we affirm.

The underlying action arose after Roberts purchased a used vehicle from Lanigan in September 2009. Roberts and Lanigan executed a purchase contract, which contained a clause stating the vehicle is "sold as is ... without any guarantee express or implied[.]" Following the purchase, Roberts independently obtained a report which indicated that the vehicle had previously been involved in an accident and suffered damage to the undercarriage of the vehicle.

Roberts filed the underlying action alleging that Lanigan violated the Kentucky Consumer Protection Act, codified in KRS [1] 367.110—367.360, and committed fraud by omitting, suppressing, and concealing the vehicle's prior damage and accident history in order to induce Roberts into purchasing the vehicle. Lanigan maintained it never represented that the vehicle had not been damaged or involved in a wreck and filed a CR [2] 12.02(f) motion to dismiss the action for failure to state a claim upon which relief can be granted. Roberts moved to amend his complaint to allege more specifically that an employee of Lanigan told him the car had not been

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Civil Procedure.

in an accident or sustained any damage. The trial court denied his motion to amend the complaint and dismissed Roberts' action on the basis that the purchase contract, which contained the express term "sold as is," barred his action for fraud. This appeal followed.

On appeal, Roberts argues the trial court erred by dismissing his action because the "sold as is" clause in the purchase contract did not bar his action for fraud. We disagree.

■ A motion to dismiss should only be granted if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved[.]" *Fox v. Grayson,* 317 S.W.3d 1, 7 (Ky.2010) (citation omitted). The pleadings should be liberally construed so that all allegations are taken as true. *Id.* (citation omitted). Since the motion is granted purely on a question of law, this court reviews the matter *de novo. Id.* (citation omitted).

Kentucky's Uniform Commercial Code KRS 355.2–316 seeks to provide a structure for construing both oral representations and written disclaimers within an agreement for the sale of goods. To carry out that purpose, the statute provides that, "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties[.]" KRS 355.2–316(3)(a).

An official comment to the statute provides that an "as is" clause in a sales contract is "understood to mean that the buyer takes the entire risk as to the quality of the goods involved." KRS 355.2–316 official cmt. 7 (2008). The rationale was further explained:

A valid "as is" agreement prevents a buyer from holding a seller liable if the thing sold turns out to be worth less than the price paid, because *it is impossible for the buyer's injury on account of this disparity to have been caused by the seller and the sole cause of the buyer's injury is the buyer himself or herself.* Thus, by agreeing to purchase something "as is," a buyer agrees to make his or her own appraisal of the bargain and to accept the risk that he or she may be wrong, and the seller gives no assurances, express or implied, concerning the value or condition of the thing sold.

67 Am.Jur.2d *Sales* § 772 (2012) (emphasis added). Such a position parallels Kentucky case law, as well as the law in other jurisdictions. *See Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.,* 113 S.W.3d 636, 640–41 (Ky.App.2003) (holding that "as a matter of law, a party may not rely on oral representations that conflict with written disclaimers to the contrary" (citation omitted)); *Greg Coats Cars, Inc. v. Kasey,* 576 S.W.2d 251, 253 (Ky.App.1978) (noting that the expression " 'caveat emptor,' or let the buyer beware, is a commercial reality in respect to the transfer of used cars"); *and* 37 Am.Jur.2d *Fraud and Deceit* § 166 (2012) (stating that a "sold as is" clause "means sold in its present condition without any warranty as to the soundness of the condition or suitability for the purpose intended, and a fraud action cannot rest on a contradictory oral representation" (quoting *Bill Spreen Toyota Inc. v. Jenquin,* 163 Ga.App. 855, 856–57, 294 S.E.2d 533, 536 (1982))).

■ In an action for fraud, a party must prove by clear and convincing evidence that (1) the seller made a material misrepresentation to the buyer, (2) which was false, (3) known by the seller to be false, (4) made with the intent to be relied upon, (5) was reasonably relied upon and (6) caused injury. *Flegles, Inc. v. TruServ*

*Corp.,* 289 S.W.3d 544, 549 (Ky.2009) (citation omitted). Here, Roberts executed a written sales contract which stated the car was "sold as is" and acknowledging, "I hereby make this purchase knowingly without any guarantee expressed or implied by this dealer or his agent." As previously noted, the effect of the "sold as is" clause is to shift the assumption of risk regarding the value or condition of the vehicle to Roberts despite any express or implied warranties that were made by Lanigan. Since the only claimed injury "concern[s] the value or condition of the [car] sold[,]" and because "the sole cause of [such an] injury is the buyer himself[,]" *see* 67 Am.Jur.2d *Sales* § 772, Roberts is unable to prove that the seller's representation caused the injury. Furthermore, by agreeing to buy the vehicle "as is[,]" Roberts agreed to make his own assessment of the condition of the vehicle in spite of Lanigan's representations. Thus, he cannot later claim that he reasonably relied on those representations when agreeing to purchase the vehicle. While Roberts cites a number of Kentucky cases involving the sale of real estate, those cases do not control our decision.[3]

 This is not to say that an "as is" clause bars any claim of fraud; when "circumstances indicate otherwise," express or implied warranties may not be disclaimed by a written contract. KRS 355.2–316(3)(a). Different circumstances could support an action for fraud despite an "as is" clause when the injury results in consequential damages, *i.e.,* injury to a person or property as a result of a breach of warranty, rather than an injury as a result of decreased value of the goods. Our holding here merely follows the rationale that an "as is" clause transfers the risk to the buyer that the condition or value of the goods is not what the seller represents. In accordance with that rationale, the trial court did not err by dismissing Roberts' action for fraud or for violation of the Kentucky Consumer Protection Act.

The order of the Kenton Circuit Court is affirmed.

ALL CONCUR.

---

**3.** Though Kentucky case law regarding "as is" disclaimers of warranties is sparse, federal cases originating in Kentucky support our conclusion. *See Keeneland Ass'n., Inc. v. Hollendorfer,* 986 F.Supp. 1070 (E.D.Ky.1997) (holding that buyer of filly is not entitled to rescission of contract which contained an "as is" disclaimer of any express or implied warranties); *Cohen v. N. Ridge Farms,* 712 F.Supp. 1265 (E.D.Ky.1989) (holding that buyer was not entitled to rescission of sale due to "as is" conditions of sale).