Mattie K. BAKER, Appellant,

v.

Charles B. REESE et al., Appellees.

Court of Appeals of Kentucky.

Nov. 29, 1963.

Charles C. Smith, Roy W. House, Manchester, for appellant.

Ray C. Lewis, London, for appellees.

CLAY, Commissioner.

This is a boundary dispute between the appellant and appellees. The parties stipulated that the "William Reese line" was the common line between their properties and that the correct location of this line was the matter in controversy. The trial judge first entered a judgment in accordance with the stipulation, fixing this boundary. He subsequently set that judgment aside and entered the judgment appealed from, which did not make any attempt to locate the "William Reese line" but fixed another boundary to which appellees had claimed adverse possession. (The judgment also fixed other boundaries of appellees' property which were in no way involved in this litigation.)

Although appellant was allowed part of the property in dispute by the second judgment, which she would not have had under the first judgment, she is dissatisfied. Appellees are likewise dissatisfied, although they did not cross-appeal.

Under the stipulation the beginning point of the "William Reese line" was agreed upon. Appellant's surveyors located the line by taking a directional call north 2 degrees 30 minutes east. Appellees' surveyor, following a marked line and a terminal call at a spotted oak tree, ran the line north 7 degrees 30 minutes east. Whichever one of these boundaries constituted the correct "William Reese line", it was stipulated that appellant owned the land east of the line and appellees owned the land west of it.

Appellees introduced proof showing adverse possession to a certain portion of the strip in controversy. It was on the basis of this proof that the trial court fixed a boundary line.

■ The stipulation of the parties limited the issue in this controversy to a determination of the correct location of the "William Reese line". Such a stipulation is a valid one. 83 C.J.S. Stipulations § 10f (6), page 18. The court is bound thereby in the absence of some reason to invalidate

it. 83 C.J.S. Stipulations § 17, page 37. From another standpoint the stipulation constituted a judicial admission by appellees that they had no title to land lying east of the "William Reese line".

■ The judgment fixed a boundary line which had been excluded from consideration of the court by the stipulation and one which was contrary to the judicial admission of appellees. This was obvious error.

The judgment is reversed, with directions to adjudicate the controversy consistent with the stipulation.