**Mattie K. BAKER, Appellant,**

v.

**Charles B. REESE and Viall Lumber Company, Appellees.**

Court of Appeals of Kentucky.

Feb. 26, 1965.

Rehearing Denied June 11, 1965.

Charles C. Smith, Roy W. House, Manchester, for appellant.

Ray C. Lewis, London, for appellees.

DAVIS, Commissioner.

The present appeal is the second appearance before this Court of a boundary dispute between the litigants. See Baker v. Reese, Ky., 372 S.W.2d 788, relating to the disposition of the first appeal, wherein the litigation was remanded to the circuit court for adjudication of the "William Reese line," the admitted boundary between the parties.

Upon remand from this court, the trial court entered judgment, based entirely upon the evidence adduced upon the original trial, in which the "William Reese line" was adjudicated to run from the stipulated beginning point North 7 degrees, 27 minutes East 227 poles and 5½ feet to a marked spotted oak. It is from the judgment so fixing the boundary that this appeal is prosecuted. It is the contention of the appellant that the proper course and distance from the agreed beginning point should be North 2 degrees 30 minutes East 3751 feet (227 poles plus 5½ feet). It thus appears that the real dispute between the parties has been narrowed to a difference of five degrees.

The only ground for reversal suggested by the appellant is that the judgment is not according to the evidence.

We have carefully examined the evidence, including the maps and photographs made by surveyors. There is substantial evidence to support the chancellor's finding that the true course of the "William Reese line" is North 7 degrees 27 minutes East. The court might well have found the line to be as contended by the appellant, although in our own view, the evidence weighs more heavily toward the finding which the chancellor did make. In such circumstances we will not disturb the chancellor's findings, since the findings are not clearly erroneous. CR 52.01.

It is noted that the "William Reese line" had been written as "North 250 poles" in a deed bearing date in 1876. Admittedly the description was not according to an actual land survey made at that time. However, for the appellant it is insisted that the course of the line should be computed according to the known magnetic variation from the due north course, so that the course of North 2½ degrees East is a slightly greater deviation from true course than required.

In no event will the present line extend 250 poles, as is recognized by each side. We are not able to say that the 1876 call was literally a due north course, when considered in light of the other calls in the deed. The survey witness for the appellee testified to markings along the line which he defined, although no such marking appeared along the line advanced for the appellant. Remnants of an ancient fence were found—not located squarely on either of the two projected lines. The area is mountainous and heavily wooded; it had not been cultivated. Upon the entire case we are impelled to the conclusion that the findings of fact by the trial court are correct.

The judgment is affirmed.