MERRITT, Circuit Judge,
dissenting.
I dissent from the court’s harsh and unfair conclusion that Downs may be fired for conduct his employer specifically agreed to, encouraged, and watched him perform for several years. He is entitled to a trial on the facts he has alleged:
Downs worked for Bel Brands for 38 years and was then fired for conduct (selling the company’s old pallets and keeping the money) that his two former supervisors specifically approved. A new supervisor then discharged him for the same conduct his predecessors had agreed to. The *521 two former supervisors filed affidavits saying that they told Downs to sell the pallets and keep the money because it was in the interest of Bel Brands to get rid of the old pallets. Downs relied on this agreement.
In Kentucky, “[p]romissory estoppel can be invoked when a party reasonably relies on a statement of another and materially changes his position in reliance on the statement.” Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc., 113 S.W.3d 636, 642 (Ky.Ct.App.2003). The elements, as explained by a federal district court in Kentucky, are: “(1) a promise; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promisee; (3) which does induce such action or forbearance; and (4) injustice can be avoided only by enforcement of the promise.” Harris v. Burger King Corp., 993 F.Supp.2d 677, 691 (W.D.Ky.2014). Despite these two cases, my colleagues claim that “in the absence of any such authority” on the point they will deny Downs’s right to a trial on the issue of promissory estoppel and reliance.
My colleagues’ conclusion is also contrary to the general common law on the subject of “at-will” employment that is now spelled out in the Restatement of Employment Law. The Restatement provides that where “at-will” employment exists, termination is not permitted when there is “a promise by the employer to limit termination of employment [that] reasonably induces detrimental reliance by the employee” or “the implied duty of good faith and fair dealing applicable to all employment ... limits termination of employment.” Restatement (Third) of Employment Law § 2.02 (Forthcoming June 2015). The Restatement makes it clear that “at-will employment” is simply “a default rule that applies when the agreement between the parties or other binding promise or statement under § 2.02 does not provide for a definite term or contain a limitation on either party’s power to terminate the relationship.” Id. at § 2.01 cmt. b.
On the subject of promissory estoppel, the Restatement recites the established law on at will employment:
Section 2.02(b) makes clear that promises by employers that reasonably induce detrimental reliance by employees, or individuals about to become employees, are enforceable according to the well-established doctrine of promissory estoppel, as developed in § 90 of the Restatement Second of Contracts. The promise in question, however, must be sufficiently definite to reasonably induce the action taken in reliance on the promise and must in fact induce such reliance.
Id. at § 2.02 cmt. c.
I believe that Downs’ termination, as alleged, is unjustified and in violation of Kentucky and general common law on promissory estoppel. And it certainly does not comply with principles of good faith and fair dealing in “at will” employment established by the Restatement: “[e]ach party to an employment contract, including at will employment, owes a non-waivable duty of good faith and fair dealing favorable to each other, which includes an agreement by each not to hinder the other’s performance under, or to deprive the other of the benefit of, the contract.” Id. at § 2.07(a). If the facts are proved as alleged, a fair-minded jury is likely to find promissory estoppel and bad faith and not condone Bel Brands’ treatment of this employee of 38 years.