MAZE, JUDGE:
This appeal arises from a Lee Circuit Court order granting Appellee's, Kimberly Noe, motion for summary judgment dismissing the Appellants', Cassie Taulbee Gentry, Crystal Mays, and Sheena Reece (hereinafter the Cooper daughters), claim for fraud. After a careful review of the record, we find that there are no genuine issues of material facts and, therefore, affirm.
Background
On or about June 10, 2009, Kimberly Savage Noe, in her role as Deputy Clerk of Lee County, personally delivered an incomplete marriage license to Denton Cooper's home. Noe completed the marriage license with Izetta Johnson in the home's kitchen, which named Izetta Johnson and Cooper as bride and groom. Cooper, at this time, was in a hospital bed in the living room. Johnson signed the license and then took it to Cooper where a mark was placed signifying his signature. This portion was witnessed by Cooper's uncle and brother. A minister was also present. It appears from the record that Noe took the license with her when she left the home. Cooper died that night. The next day, Noe recorded the marriage license.
Therefore, when Cooper's daughter, Cassie Taulbee Gentry, attempted to file as administratrix of Cooper's estate she was prevented from doing so. She could not understand why she was being precluded from becoming the administratrix and was not told by the clerk's office about the marriage license (though she did not ask about the marriage license). Izetta Johnson became the administratrix of the estate.
Eventually a court case revolving around these issues arose and was eventually appealed to this Court. See Taulbee v. Cooper , 2012-CA-000602, 2013 WL 1844706 (Ky. App. May 3, 2013). The marriage was declared invalid and Gentry was appointed administratrix of Cooper's estate.
The Cooper daughters sued Noe individually and in her official capacity as Deputy Clerk of Lee County and Clerk of Lee County (because Noe is now County Clerk rather than Deputy Clerk). Their action was dismissed on summary judgment after the trial court determined that there were no material facts involving the complaint of fraud, and that Noe is cloaked with immunity. This appeal followed. Further facts will be developed as necessary.
Standard of Review
The standard of review governing an appeal of a summary judgment is well-settled. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears *326 that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." Steelvest, Inc. v. Scansteel Service Center, Inc. , 807 S.W.2d 476, 480 (Ky. 1991). In essence, for summary judgment to be proper, the movant must show that the adverse party cannot prevail under any circumstances. Paintsville Hosp. Co. v. Rose , 683 S.W.2d 255, 256 (Ky. 1985). Therefore, we will find summary judgment appropriate only "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 1 56.03. Because a summary judgment involves no fact finding, this Court's review is de novo , in the sense that we owe no deference to the conclusions of the trial court. Blevins v. Moran , 12 S.W.3d 698, 700 (Ky. App. 2000).
Analysis
On appeal, the Cooper daughters present two issues. First, they contend that there were sufficient factual disputes raised at the trial court level to survive a motion for summary judgment. Second, they argue that summary judgment was premature due to discovery that was yet to be completed (i.e. , the deposition of Noe).
The Cooper daughters first contend that there were sufficient factual questions remaining to survive a motion for summary judgment. They state that based on the "questionable nature of the invalid, unissued marriage license and the validity of such as evidence of fraud[,]" summary judgment should be reversed. Counsel also discusses the elements of fraud by omission and claims that Noe had a duty to disclose the existence of the marriage license to Gentry.
Fraud by omission and fraud by misrepresentation are different torts and require different elements. Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc. , 113 S.W.3d 636, 641 (Ky. App. 2003). Fraud by omission requires that the plaintiff prove four elements, the first of which is that the defendant "had a duty to disclose the fact" and did not disclose (i.e. omitted) the fact. Id. Fraud by misrepresentation requires proof of six elements. Flegles, Inc. v. TruServ Corp. , 289 S.W.3d 544, 549 (Ky. 2009). The first element, and most relevant to the current case, requires "that the declarant made a material representation to the plaintiff[.]" Id. Additionally, fraud must be pled with particularity. CR 9.02.
Here, the Cooper daughters pled in their complaint the elements of fraud by misrepresentation. However, in their response to Ms. Noe's motion for summary judgment, counsel wrote, "[t]he plaintiffs have asserted a general claim for fraud against the Defendants. In asserting such claim, the Plaintiffs did not specify the type of fraud committed because they could not be certain of the type(s) until subsequent discovery was completed. One type of fraud that is now supported by the facts is fraud by omission ..." R. at 103.
Ignoring the fact that fraud must be pled with particularity, we agree with the trial court that the Cooper daughters failed to allege facts which would amount to either fraud by misrepresentation or fraud by omission. First, fraud by misrepresentation would have required Noe to make a material representation to the Cooper daughters, which according to the record did not occur in this case. Secondly, in order to prevail on the fraud by omission claim, the Cooper daughters would need to *327 establish that Noe had a duty to disclose the marriage license to them. As the trial court correctly explained,
[w]hile the Clerk would have a duty to disclose the license, a matter of public record had she been requested to do so, the Plaintiffs seek to hold the Clerk liable for fraud by failing to disclose the date of issuance, when they could have looked at it had they wanted to.
In other words, had the clerk been asked to produce the marriage license, she would have a duty to do so because it is a public record. However, here, the clerk was not asked to do so. We agree with the trial court that the Cooper daughters failed to show that there were genuine issues of material fact on either of their fraud claims. Therefore, we affirm on that issue.
Next, the Cooper daughters note that their original counsel passed away unexpectedly in the middle of the case. They assert that their new counsel did not have an opportunity to fully complete discovery before Noe brought the motion for summary judgment.
A defendant is allowed to move for a summary judgment at any time, however, "trial courts [are cautioned] not to take up these motions prematurely and to consider summary judgment motions 'only after the opposing party has been given ample opportunity to complete discovery.' " Blankenship v. Collier , 302 S.W.3d 665, 668 (Ky. 2010) (quoting Pendleton Bros. Vending, Inc. v. Commonwealth Finance and Admin. Cabinet , 758 S.W.2d 24, 29 (Ky. 1988) ). Here, the original complaint was filed June 10, 2014. Mr. Stout, current counsel, made his entry of appearance on November 7, 2015 replacing the previous counsel who unexpectedly passed away on October 20, 2015. R. at 65. The motion for summary judgment was filed on November 4, 2016, a year after Mr. Stout entered his appearance. We find that this was ample time to begin discovery depositions, and therefore will not reverse on this issue.
Lastly, the Cooper daughters' counsel states in the brief that the trial court's opinion "ruled on the sole issue of law of whether the Appellants' claim for fraud by omission could survive summary judgment with no mention of the claims of sovereign immunity." This is incorrect. The trial court dedicated a page of its order to a discussion of sovereign and qualified immunity and found that the clerk is cloaked with immunity regarding this issue. See Opinion and Order, R. at 135. We fully agree with the trial court's analysis of the issues relating to sovereign immunity and official immunity. Furthermore, we agree with the trial court that Noe was entitled to qualified immunity for any claims against her in her individual capacity following the dismissal of the fraud claims.
Conclusion
For the reasons discussed herein, we affirm.
ALL CONCUR.