COMBS, JUDGE:
Appellant, Kentucky Retirement Systems, appeals from an Opinion and Order of the Franklin Circuit Court reversing a Final Order of Appellant's Board of Trustees that voided the retirement benefits of Appellee, Bret Chamberlain. For the reasons set forth below, we affirm in part and reverse in part.
The "Kentucky Retirement Systems" is a designation that refers to the members of two distinct retirement systems: County Employees Retirement System and Kentucky Employees Retirement System, respectively. Kentucky Retirement Systems v. Fryrear , 316 S.W.3d 307, 313 (Ky. App. 2009), describes the relationship of the systems as follows.
Every year in this Commonwealth, state, county, and city employees retire as members of CERS and KERS. Because of the immense intricacies associated with both retirement systems, members must navigate an often abstruse and baffling course to obtain retirement benefits. To assist members with benefits and to manage the retirement funds of CERS and KERS, the General Assembly has provided for the Kentucky Retirement Systems. And, the General Assembly has specifically imposed particular "duties" upon employees of the Retirement Systems through enactment of KRS 61.650(1)(c) [.]
KRS[1 ] 61.650(1)(c) mandates that:
A trustee, officer, employee, or other fiduciary shall discharge duties with respect to the retirement system:
1. Solely in the interest of the members and beneficiaries ;
2. For the exclusive purpose of providing benefits to members and beneficiaries and paying reasonable expenses of administering the system;
3. With the care, skill, and caution under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with those matters would use in the conduct of an activity of like character and purpose ;
*484 4. Impartially, taking into account any differing interests of members and beneficiaries;
5. Incurring any costs that are appropriate and reasonable; and
6. In accordance with a good-faith interpretation of the law governing the retirement system.
(Emphases added.)
With that statutory charge in mind, we turn to the case before us. The Franklin Circuit Court determined that the Appellant[2] was equitably estopped from voiding Chamberlain's retirement benefits and from seeking repayment. The court's Opinion and Order entered December 29, 2016, provides a concise but thorough summary of the underlying facts and chronology:
Chamberlain ... is a former employee of the Kentucky Department of Corrections (DOC) and a member of the Kentucky Employees Retirement Systems (KERS). On June 28, 2010, Mr. Chamberlain, with his wife, met with a KERS benefits counselor to discuss retirement benefits and the same day notified the DOC that he planned to retire effective August 1, 2010. At this meeting, the KERS benefits counselor, Jeff Pritchett (Counselor Pritchett) gave the Chamberlains a benefits counseling checklist that contained materials for potential retirees. Counselor Pritchett discussed the materials included in the checklist and the Chamberlains provided their signatures to acknowledge that Counselor Pritchett had discussed all the materials included in the checklist with the couple. Included in this checklist was a form regarding retiree reemployment. The handout on retirement and reemployment indicates that retirees who wish to return to work in a non-participating position must observe a three calendar month break in service before returning to work with a participating agency, and that "if the employee does not observe the proper break, retirement is voided and all benefits are repaid to KRS." The handout also explains that a retired member who is to be reemployed must submit a Form 6751, Member and Employer Certification Regarding Reemployment, and further reinstructs the member that he should not commence new employment until approval has been received from KERS. The handbook contains similar information on reemployment. On July 22, 2010, Mr. Chamberlain applied for a part-time position as a bailiff with the Mercer County Sheriff's Office, an agency that participates in the County Employee Retirement System (CERS).
On August 13, 2010, Mr. Chamberlain spoke to a KERS employee, Odette Gwandi, regarding reemployment and was advised that he would be able to begin applying for part-time employment with a participating agency provided that he had not made prearrangements with the employer and if he sent a letter with a completed KERS Form 6571. Mr. Chamberlain was further advised that if KERS' legal department approved his reemployment, he would need to wait one calendar month after his retirement before returning to hazardous duty and three calendar months before returning to any other type of position. Mr. Chamberlain called KERS once more that day and spoke to John Franklin, who confirmed the information Mr. Chamberlain received earlier was correct.
*485 On October 5, 2010, Mr. Chamberlain was sworn in with the Mercer County Sheriff's Office. As a bailiff, Mr. Chamberlain was never eligible to receive retirement benefits and was required to retain part-time status.
Mr. Chamberlain ran for and was elected Jailer of Mercer County in November of 2014. Mr. Chamberlain contacted KERS to inform the agency he would be taking this position. On January 30, 2015, Mr. Chamberlain received correspondence from KERS alleging violations of KRS 61.367 and KAR 1:390. The letter explained that KERS had discovered Mr. Chamberlain began employment with the Mercer County Sherriff's Office within three months of his retirement from the DOC and alleged that the employment was prearranged, as evidence by his quick return to work after retirement. For these violations, KERS demanded a repayment from Mr. Chamberlain in the amount of $176,831.70, the alleged overpayment in retirement benefits he had received.
Thereafter, Chamberlain requested an administrative hearing, which was conducted on August 20, 2015. On November 30, 2015, the Hearing Officer rendered Findings of Fact, Conclusions of Law and Recommended Order. The decision reflects that the parties stipulated that Appellant had met its burden of proving that Chamberlain was re-employed in violation of KRS 61.637 and 105 KAR 3 1:390 and that the only issue for the hearing was whether Appellant was equitably estopped from enforcing those provisions. The parties agreed Chamberlain bore the burden of proof on that issue. The Hearing Officer concluded: (1) that Chamberlain had failed to prove that Appellant should be estopped and (2) that there was no legal authority to support Chamberlain's position that he should only be required to reimburse the benefits paid from October 5-November 1, 2010.
Chamberlain filed exceptions. By Final Order dated February 24, 2016, Appellant's Board of Trustees adopted the Hearing Officer's Recommended Order as its Final Order and ordered that Chamberlain "repay the Agency the sum of $176,831.70 representing all benefits he received in error during which he violated the retired-remployed provisions of KRS 61.637 and 105 KAR 1:390."
On March 21, 2016, Chamberlain filed a Complaint and Petition for Review and Appeal in Franklin Circuit Court. On December 29, 2016, the Franklin Circuit Court entered an Opinion and Order reversing and remanding. We cite at length from the superbly well reasoned opinion of the court:
Chamberlain's position is that KERS is estopped from voiding his retirement because KERS did not perform its duties to educate him with care and that fully voiding his retirement would grant KERS a significant and unjust windfall.
...
Whether or not the doctrine of equitable estoppel applies is a question of fact properly considered first by the administrative fact finder. See Board of Trustees, Kentucky Retirement Systems v. Grant, 257 S.W.3d 591 (Ky. App. 2008). The Hearing Officer considered Mr. Chamberlain's equitable estoppel argument, and the Board found in its Final Order that 1) Mr. Chamberlain was not a credible witness regarding the events surrounding his retirement, 2) that Counselor Pritchett's conduct could not amount to false representation or concealment of material facts because he *486 and Mr. Chamberlain did not discuss any specific re-employment opportunities, 3) that Counselor Pritchett kept reliable records regarding what he discussed with retirees like Mr. Chamberlain and 4) Mr. Chamberlain had the means to find the correct answer regarding re-employment rules because Counselor Pritchett noted that Mr. Chamberlain received a retirement handbook and was able to contact KERS.
The Board's Final Order must be set aside as arbitrary and unsupported by substantial evidence. The Board's conclusion that Mr. Pritchett's conduct did not rise to the level of false representation or concealment of material facts because Pritchett and Mr. Chamberlain did not discuss any specific re-employment opportunity is arbitrary. While the claimant in Fry[r]ear asked specific questions regarding a particular place of re-employment and received incorrect information regarding that position, the fact remains that Mr. Chamberlain asked, albeit in general terms, about the requirements for retaining benefits while also becoming re-employed. Despite Mr. Chamberlain's questioning, Counselor Pritchett did not discuss the severe consequences for noncompliance or that "participating agency" was interpreted by KERS indicate [sic ] any agency with a participating retirement system instead of as an agency participating in Mr. Chamberlain's own retirement, such as being reemployed by his prior employer. The fact that Mr. Chamberlain's questions were in general terms rather than specifically pointed to a particular place of reemployment should have caused his benefits counselor to give even more accurate and detailed information regarding the requisite waiting times. As stated in Fry[r]ear , KERS employees have a statutory duty to "discharge duties with respect to the retirement system: [...] [w]ith the care, skill, and caution under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with those matters would use in the conduct of an activity of like character and purpose."
The Board's finding that Mr. Chamberlain had the means to learn the correct information regarding reemployment because Counselor Pritchett noted that Mr. Chamberlain received a retirement handbook is arbitrary. The Board's conclusion totally undercuts the statutory duties of KERS. As the Fry[r]ear Court noted, KERS is vested with the statutory duty and authority to provide accurate information and assist member retirees regarding retirement benefits. Members are allowed access to KERS benefits counselors so that they may receive the information necessary to preserve their retirement. Mr. Chamberlain is a lay person. KERS employees are held out by the agency as "possessing the aptitude and knowledge necessary to navigate the statutory maze of entitlement to retirement benefits. Fry[r]ear at 314. If the legislature believed lay people could navigate this maze themselves, KERS would be superfluous. Mr. Chamberlain contacted KERS on several occasions regarding reemployment and the record reflects that KERS never discussed the severe penalty for violating reemployment rules. KERS' position suggests that benefits counselors are able to play a shell game with members, if the member does not guess the correct, specific question to ask the agency, KERS is absolved of its statutory responsibility to educate on the matter. KERS must be held to a higher standard regarding advice they *487 give to members, many of whom have dedicated their entire careers to serving the Commonwealth.
"Circumstances that are so exceptional as to allow equitable estoppel against a government agency, we think, must include some gross inequity between the parties." City of Shelbyville, ex rel. Shelbyville Municipal Water & Sewer Comm'm v. National Resources & Env. Prot. Cab., 706 S.W.2d 426 (Ky. App. 1986). The Court finds that KERS' demand that Mr. Chamberlain repay approximately five years of earned retirement benefits because of his post-retirement, part-time work in a position that would never be eligible for retirement benefits is the sort of "gross inequity" that triggers the doctrine. Mr. Chamberlain served this Commonwealth in hazardous duty as an officer of the law for approximately twenty years and instead of being able to enjoy his retirement, because he took a non-participating, non-eligible, part-time, $8 hourly job, KERS wishes void [sic ] the retirement that his service earned and have him repay $176,831.70 for his troubles.
Taking Fry[r]ear into consideration, this Court believes that the doctrine of equitable estoppel applies in this case and that Mr. Chamberlain has satisfied all of the elements. First, the facts support a finding that Counselor Pritchett, on behalf of KERS, engaged in conduct which amounts to a false representation of a material fact. Counselor Pritchett made representation to Mr. Chamberlain regarding his potential reemployment but did not discuss the penalty for noncompliance. The existence of a penalty which eliminates two decades of hard-earned retirement for a failure to strictly comply with material procedures is a material fact because it determined that Mr. Chamberlain's retirement would be voided and directly affected Mr. Chamberlain's retirement benefits. Second, KERS intended, or at least must have had the expectation that Counselor Pritchett's advice would be followed or acted upon by Mr. Chamberlain. Third, Counselor Pritchett, on behalf of KERS, knew, or should have known, the consequences any potential reemployment non-compliance might have on Mr. Chamberlain's retirement. KERS is charged with carefully providing retirement information to its members, and it must be held accountable for errors in administering [sic ] retirement program, such duty is statutorily imposed on KERS by the General Assembly.
Finally, with respect to Mr. Chamberlain's conduct, Mr. Chamberlain simply did not have an understanding of the correct facts. Mr. Chamberlain's ignorance of the rules regarding reemployment is the exact reason he sought KERS' advice in the first place. Mr. Chamberlain relied in good faith upon Counselor Pritchett's information, and such reliance adversely affected Mr. Chamberlain's position, causing detriment in the form of his retirement being voided and KERS seeking repayment for the entire amount of the benefits Mr. Chamberlain has received. Because all of the elements of equitable estoppel have been met in this case, and because this Court believes that extraordinary equities are involved requiring application of the doctrine, this Court must estop KERS from voiding Mr. Chamberlain's retirement benefits and seeking repayment of the alleged overpayment of benefits.
(Emphases added.)
In addition, the circuit court concluded that KRS 61.637(17)(a) did not apply to Chamberlain's employment as a bailiff for Mercer County because that "non-participating, *488 non-eligible part-time job could not implicate the 'break-in-service' ... imposed to ensure against sham retirements." As the court aptly observed, "Chamberlain might as well have been flipping hamburgers ... [because his] part-time work as a bailiff had ... no effect on his retirement benefits through KERS and made no impact on any present or future liability of KERS."
The circuit court reversed the Final Order of the Board of Trustees and remanded to the agency for reinstatement of the retirement benefits which were voided.
On January 25, 2017, Appellant filed a Notice of Appeal to this Court.
"Judicial review of an administrative agency's decision is concerned with arbitrariness. Arbitrariness has many facets; among such facets are whether the administrative agency's decision is supported by a sufficient quantum of evidence and whether the agency correctly applied the law." Fryrear , 316 S.W.3d at 311 (citations omitted).
Appellant first contends that the circuit court erred in holding that KRS 61.637 does not apply to Chamberlain's reemployment after retirement. As Appellant points out, the parties stipulated that Chamberlain's reemployment was in violation of KRS 61.637 and 105 KAR 1:390. The effect of the stipulation was to remove the issue from any additional consideration. See Baker v. Reese , 372 S.W.2d 788 (Ky. 1963) (reversible error for judgment to fix boundary line which had been excluded from court's consideration by stipulation). For that reason, it was error for the circuit court to determine the applicability of the statute and we reverse in part on that sole issue.
The remaining issues Appellant raises can be distilled to one-whether the circuit court erred in concluding that Appellant was equitably estopped from voiding Chamberlain's retirement benefits. We concur with the circuit court's thorough analysis of the estoppel issue and adopt its reasoning as our own. As the court observed, Appellant "must be held to a higher standard regarding advice they give to its members, many of whom have dedicated their entire careers to serving the Commonwealth."
We would only add that Appellant and its employees owe a fiduciary duty to members of the retirement systems as outlined in KRS 61.650(1)(c). In discharging duties with respect to the retirement system, the statute requires that a trustee, officer, employee or other fiduciary act in the interest of the members for the exclusive purpose of providing benefits to members with the care, skill, and caution under the circumstances that a prudent person acting in a like capacity would use. See Wheck v. Board of Trustees of the Kentucky Teachers' Retirement System , 3:15-CV-692-CRS, 2016 WL 5796915 at *4 (W.D. Ky. Sept. 30, 2016) (Board of Trustees of Kentucky Teachers' Retirement System owes members fiduciary duty, as outlined in KRS 161.430(2) with respect to assets which requires Board to act for exclusive purpose of providing benefits to members and administering system, with care, skill, prudence, and diligence of prudent person in like position in like circumstances); see also Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc. , 113 S.W.3d 636, 641 (Ky. App. 2003) (Duty to disclose facts is created only where a confidential or fiduciary relationship between the parties exists, or when a statute imposes such a duty, or when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure.)
We affirm the circuit court's determination that Appellant is estopped from voiding Chamberlain's retirement benefits and *489 from seeking any repayment of the alleged overpayment of benefits.
Accordingly, we AFFIRM the Opinion and Order of the Franklin Circuit Court entered on November 29, 2016, which reversed the Final Order of the Board of Trustees of the Kentucky Retirement Systems. The Opinion and Order is REVERSED in minor part only to the extent that we hold it was error for the court to consider the applicability of KRS 61.637(17)(a) in light of the parties' stipulation.
ALL CONCUR.

Kentucky Revised Statutes.

The Appellant, Kentucky Retirement Systems, is referred to variously as the Agency, the Systems, and as KERS in the decisions below and the parties' briefs. For simplicity's sake, we refer to it as Appellant.