RENDERED: SEPTEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0163-MR

KINGDOM LOGISTICS, LLC                                         APPELLANT

APPEAL FROM BELL CIRCUIT COURT
v.          HONORABLE ROBERT V. COSTANZO, JUDGE
ACTION NO. 20-CI-00268

COMMERCIAL BANK                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Kingdom Logistics, LLC ("Kingdom") appeals from the

order of the Bell Circuit Court dismissing its complaint against Commercial Bank

("Commercial"). Finding no error, we affirm.

On December 21, 2018, Kingdom entered into a "Loan Sale

Agreement" ("Agreement") with Commercial to purchase Commercial's "right,

title, and interest" in a loan that Commercial had extended to Appolo Fuels, Inc. in

2013. Sometime after the loan purchase, when the loan was in default, Kingdom made a demand on Commercial for a certificate of deposit ("CD") in the amount of $1,000,000.00 that had secured the original loan and which Kingdom believed was part of the Agreement. Commercial disagreed and on September 27, 2020, Kingdom filed a complaint in Bell Circuit Court claiming it was entitled to the CD as collateral for the promissory note under the explicit terms of the Agreement.[1]

Kingdom's complaint stated claims for negligent misrepresentation/omission, fraud in the inducement, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, specific performance, and punitive damages. Commercial immediately moved to dismiss the complaint, arguing that Kingdom's claims failed as a matter of law. On January 13, 2021, after considering the arguments of the parties, the circuit court granted the motion to dismiss. This appeal followed. Other facts will be set forth as necessary below.

A motion to dismiss, pursuant to CR[2] 12.02(f), for failure to state a claim is a question of law, and we review the issue *de novo*. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). The pleadings must be liberally construed in a light most favorable to the nonmoving party, and the allegations contained in the complaint

---

[1] Kingdom's complaint included claims against other defendants, but they are not relevant to this appeal.

[2] Kentucky Rules of Civil Procedure.

are taken as true. *Id.* The trial court should not grant the motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002) (citation omitted).

Kingdom makes three arguments on appeal: (1) the circuit court erred in its application of CR 12.02, prematurely dismissing its claims; (2) the circuit court erred in its interpretation of the Agreement by concluding that the CD was not included in the sale; and (3) erred in its interpretation of Sections 1, 6.5, 7.5-7.7, 8, and 11 of the Agreement.

As to its first argument, Kingdom apparently takes issue with the circuit court's ruling on the motion to dismiss while discovery was in its infancy. The circuit court determined that all of Kingdom's claims turned on the interpretation of the Agreement, and thus were questions of law, rendering any further discovery unnecessary because "there are no facts which plaintiff has alleged or could allege that would overcome the Court's construction and interpretation of the Loan Sale Agreement and its accompanying documents."

We agree with the circuit court that Kingdom's claims stand or fall on the construction of the Loan Sale Agreement and accompanying documents and thus were ripe for consideration on a motion to dismiss. In fact, Kingdom's arguments on appeal are all premised on its interpretation of the Agreement, not

issues of fact. Therefore, we turn to the language of the Agreement itself to address Kingdom's remaining claims of error. *See Mostert v. Mostert Grp., LLC*, 606 S.W.3d 87, 91 (Ky. 2020) ("Judicial review of a contract begins with examination of the plain language of the instrument.").

"Generally, . . . in construing contracts courts endeavor to give effect to the parties' intent as expressed by the ordinary meaning of the language they employed." *North Fork Collieries, LLC v. Hall*, 322 S.W.3d 98, 105 (Ky. 2010). "In the absence of ambiguity . . . a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Ky. Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 694 (Ky. 2016). Finally, "interpretation of a contract . . . is a question of law to be determined de novo on appellate review." *Id.* at 695.

Kingdom argues the circuit court erred in ruling that "the Loan Sale Agreement does not provide for delivery of the Certificate of Deposit at closing or upon demand" and therefore improperly dismissed its claims for breach of contract, breach of the duty of good faith and fair dealing and specific performance. We first note that Kingdom does not allege any ambiguity in the Agreement, therefore we look to the plain language of the Agreement itself to determine whether the parties intended the CD as part of the loan purchase.

According to the Agreement, Kingdom purchased Commercial's "right, title and interest in and to the Loan [and] the documents and instruments executed and delivered in connection therewith, as identified on Schedule 1 attached hereto (collectively the 'Loan Documents')."  The General Assignment, executed in connection with the Agreement, similarly stated that Commercial "agreed to sell to [Kingdom] the Loan and the Loan Documents listed on Schedule 1 attached to the Loan Sale Agreement."

Schedule 1 listed the following loan documents:  the Promissory Note dated July 12, 2013; the Modification of Payment Terms dated August 31, 2018; the Leasehold Mortgage, Assignment of Rents and Leases, and Security Agreement dated July 12, 2013; the Landlord's Waiver dated July 12, 2013; and the Consent and Assumption Agreement dated November 23, 2016.  Importantly, the CD was not listed on Schedule 1.

Further, Section 5.1, which set forth items Commercial was to deliver to Kingdom following the sale, listed "an assignment with respect to the leasehold mortgage . . . attached hereto as Exhibit B"; "a general assignment with respect to the Loan . . . attached hereto as Exhibit C"; and "the Promissory Note dated July 12, 2013[.]" Again, the CD was not mentioned.

Finally, pertinent to our review, Section 6 of the Agreement, titled "Representations and Warranties of the Seller[,]" made representations as to the

ownership of the loan, the authority to sell it, and its outstanding balance. No representations were made as to the CD. Other sections of the Agreement specifically disclaimed any representation or warranty concerning "the existence or nature of any collateral securing the Loan."

We agree with the circuit court's determination that the CD was not intended as part of the transaction. Schedule 1 specifically set forth the loan documents included in the purchase, including other forms of collateral such as the Leasehold Mortgage, Assignment of Rents and Leases, and Security Agreement. The CD is not included on that list, neither is it mentioned in Section 5.1 as one of the items to be delivered to Commercial following the sale.

Kingdom argues that because the Promissory Note was part of the Agreement (pursuant to Schedule 1), and because it purchased "all of [Commercial's] right, title and interest" in the loan and loan documents, the collateral mentioned in the note as security was necessarily part of the loan purchase. However, a plain reading of the Agreement shows that the parties intended to distinguish between the Promissory Note and the collateral mentioned in the note itself. The Promissory Note stated it was secured by the following:

> Bell County, Kentucky mortgage on real property owned by APPOLO FUELS, INC.; Leasehold Mortgage, Assignment of Rents and Security Agreement on real property leased by APPOLO FUELS, INC., and owned by WPP, LLC; UCC Financing Statement on personal property of APPOLO FUELS, INC., cross-collateralized

assets, and a Certificate of Deposit in the amount of $1,000,000.00.

Schedule 1 lists both the Promissory Note as well as the Leasehold Mortgage, Assignment of Rents, and Security Agreement, an item of collateral mentioned in the Promissory Note, indicating that the parties considered the note separate from the collateral securing the note when they contemplated items to be included in the transaction. The parties could have included the CD in Schedule I like the Leasehold Mortgage, Assignment of Rents, and Security Agreement, but they did not.

Kingdom also points to Section 5.1.3 of the Agreement as demonstrating its entitlement to the CD. That section provides that following the sale, Commercial shall deliver to Kingdom

> The Promissory Note date July 12, 2013, in the original principal amount of $4,000,000.00, executed by Borrower or, to the extent Seller does not have originals, copies of the other Loan Documents pertaining to the Loan in the possession of Seller, original certificates or other documents constituting collateral for the Loan in the possession of Seller . . . .

Kingdom argues that the phrase "original certificates . . . constituting collateral for the loan" refers to the CD, evidencing the CD was part of the purchase agreement.

However, this interpretation is not supported by the plain language of the Agreement, for the same reason as above. Section 5.1.3 merely concerns whether Commercial must deliver originals or copies of the Loan Documents. The

specific Loan Documents to be delivered are set forth in Schedule 1, which lists all the documents included as part of the Agreement, as explicitly stated in the Agreement and the General Assignment. The CD is not listed in Schedule 1 as a Loan Document included in the transaction, even though other collateral is. This fact demonstrates the parties' intent to exclude the CD from the Agreement. Therefore, Kingdom was not entitled to the CD and Commercial did not breach the Agreement in failing to deliver it.

Therefore, Kingdom's claims for breach of contract and specific performance fail as a matter of law. Similarly, there was no breach of the implied covenant of good faith and fair dealing because Kingdom was not entitled to the CD under the terms of the Agreement. Kentucky law recognizes that "contracts impose on the parties thereto a duty to do everything necessary to carry them out." *See Farmers Bank & Tr. Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005) (citation omitted). Kingdom's complaint alleges that Commercial "refused to honor Kingdom Logistics' demand for the Certificate of Deposit[,]" and therefore breached the implied covenant of good faith and fair dealing. Without any obligation to deliver the CD, there can be no breach. The circuit court did not err in dismissing Kingdom's claims for breach of contract, breach of the duty of good faith and fair dealing, and specific performance.

Kingdom also argues the circuit court erred in its interpretation of Sections 1, 6.5, 7.5-7.7, 8, and 11 of the Agreement, and therefore improperly dismissed its claims for negligent misrepresentation/omission, fraud in the inducement and promissory estoppel. Kingdom's argument in this section of its brief is somewhat unclear. In dismissing Kingdom's tort claims, the circuit court cited certain disclaimers in the Agreement in support. However, these disclaimers were not the sole bases for the court's rulings. We therefore proceed to analyze each claim individually for error.

Turning first to the negligent misrepresentation/omission claim, "negligent misrepresentation requires an affirmative false statement." *Giddings & Lewis, Inc. v. Industrial Risk Insurers*, 348 S.W.3d 729, 746 (Ky. 2011) (citations omitted). Here, Kingdom's only allegation of a false statement is the language of the Agreement itself, which it claims entitles it to the CD. However, as held above, this interpretation is erroneous.

Further, as noted by the circuit court, even if Kingdom had alleged an affirmative misrepresentation as to its entitlement to the CD, "a party may not rely on oral representations that conflict with written disclaimers to the contrary which the complaining party earlier specifically acknowledged in writing[.]" *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 640 (Ky. App. 2003). Section 8 of the Agreement, titled "Disclaimer of Warranties[,]" specifically

disclaims any representations or warranties concerning "the existence or nature of any collateral securing the Loan[.]"

Even more, Kingdom could not prove that it justifiably relied on any alleged misrepresentation because the Agreement specifically contradicts that assertion.[3] *See Ann Taylor, Inc. v. Heritage Ins. Servs., Inc.*, 259 S.W.3d 494, 496 (Ky. App. 2008) (internal quotation marks and citation omitted) (an "elementary element of negligent misrepresentation is justifiable reliance upon the information.").

To the extent Kingdom's complaint alleges a claim for fraudulent omission, it also fails. Kingdom argues that Commercial "failed to disclose that the $1,000,000 00, in its view, was relinquished as collateral." "[A] fraud by omission claim is grounded in a duty to disclose." *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 747 (Ky. 2011). Here, Kingdom has not

---

[3] In addition to the disclaimer in Section 8 mentioned above, Section 7.5, "Decision to Purchase[,]" stated that Kingdom was "a sophisticated investor and understands the nature and effect of the transaction[]" at issue and that Kingdom had "reviewed all documents and information it has determined to be appropriate . . . and has made its decision to buy the loan and loan documents based upon its own independent evaluation of the Loan [and] the Loan Documents . . . ." It specifically claimed that Kingdom had "performed all studies and investigations that it deems appropriate with respect to any collateral for the loan . . . ." Further, Section 7.7 provided that Kingdom "ha[d] not relied . . . upon any representation or warranty made . . . by [Commercial] . . . . [and] acknowledges and agrees that [Commercial] has not made . . . any representation or warranty . . . concerning . . . the existence or nature of any collateral securing the Loan[.]"

-10-

alleged that Commercial had any duty to disclose this fact and we will not undertake to find one for it.

Kingdom's claim for fraud in the inducement fails for the same reason as its negligent misrepresentation claim. Fraudulent inducement requires: a) material representation, b) which is false, c) known to be false or made recklessly, d) made with inducement to be acted upon, e) acted in reliance thereon, and f) causing injury. *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citation omitted). Here, the only false representations alleged are those "made in writing in the Loan Sale Agreement," which Kingdom misinterprets to include the CD. Because we have held that the CD was not part of the Agreement, Kingdom cannot prove the existence of a material representation which is false. Further, Kingdom could not prove justifiable reliance based upon the disclaimers in the Agreement. Therefore, its claim for fraudulent inducement fails as a matter of law.

Finally, Kingdom's claim for promissory estoppel fails for the same reasons. Kingdom again relies on its interpretation of the Agreement (that the CD was part of the loan purchase) in support of its claim. "Promissory estoppel requires [a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance . . . ." *Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 595

-11-

(Ky. App. 2017) (internal quotation marks omitted) (citing *Meade Constr. Co. v. Mansfield Commercial Elec., Inc.*, 579 S.W.2d 105, 106 (Ky. 1979)).  Here again, the only alleged promise comes from the Agreement itself, which Kingdom argues "expressly provides for the $1,000,000.00 constituting collateral[.]" As noted above, we have rejected this interpretation of the Agreement and Kingdom could not prove justifiable reliance in any case based upon the Agreement's disclaimers. The circuit court did not err in dismissing Kingdom's claims for negligent misrepresentation/omission, fraud in the inducement, and promissory estoppel.

For the foregoing reasons, the order of the Bell Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert E. Maclin, III
Jaron P. Blandford
Drake W. Staples
Lexington, Kentucky

BRIEF FOR APPELLEE:

R. Gregg Hovious
Jennifer M. Barbour
Louisville, Kentucky